**STATE, ex rel. MARK McELROY, Attorney General, Plaintiff, v. AKRON (City) et, Defendants.**

Common Pleas Court, Summit County.

No. 222434.   Decided July 18, 1960.

Mark McElroy, Atty. Genl., Jay C. Flowers, Asst. Atty. Genl., for plaintiff.

Harry N. VanBerg, Law Director, John H. Zerbe, Asst. Law Director, Akron, for defendants.

Clarence W. May, Akhon, for the brief as Amicus Curiae.

## OPINION

By WATTERS, J.

### THE FACTS

This matter was submitted to the court upon the petition of

the plaintiff and the answer of the defendants, which the court will set forth hereinafter in full. There is no substantial dispute as to the facts as will be observed, so the matter becomes a question of law.

Upon suggestion of the court, and agreement of counsel, the request for a temporary injunction was withdrawn and the matter submitted on its merits and upon briefs of counsel.

"Petition" (filed April 14, 1960):

"Now comes Mark McElroy and says that he is the duly elected, qualified and acting Attorney General of the State of Ohio, and that he brings this action in his official capacity at the request and on behalf of the Division of Watercraft, Department of Natural Resources, State of Ohio.

"The State of Ohio says that the City of Akron is a municipal corporation organized under the laws of the State of Ohio and is a political subdivision of the State of Ohio; that defendant Leo Berg is Mayor of the City of Akron and defendants Leo G. Walter and Wendell R. LaDue are the Director of Public Service and Superintendent Bureau of Water Supply, respectively, for defendant City of Akron.

"The State of Ohio further says that under §1501.12 etc., R. C., effective January 1, 1960, all watercraft operated on the waters of this State shall be numbered and licensed by the Division of Watercraft, Department of Natural Resources, State of Ohio; further that §1501.23 R. C., provides in part as follows:

"'* * * No political subdivision of this state or conservancy district shall charge any license fee or other charge against the owner of any watercraft for the right or privilege of operating said watercraft upon the waters of any such political subdivision or conservancy district and no license or number in addition to those provided for hereunder shall be required by any state department, conservancy district or political subdivision of this state.'

"Plaintiff further alleges that the defendants, in the name of the City of Akron, are issuing and requiring a separate city boat license for the right and privilege of operating watercraft upon Mogadore Reservoir, a body of water constituting waters of the State as defined in §1501.12 R. C., and qualifying as waters of such City of Akron under §1501.23 R. C.; and further that defendants threaten to issue and require such separate city boat licenses for operation of watercraft on other Reservoirs of the City of Akron, as well as Mogadore Reservoir, unless restrained by this court; that such action of defendants is illegal and contrary to the provisions of §1501.12 et seq, R. C., and the specific provisions of §1501.23 R. C.

"The State of Ohio further says that such action of defendants will result in irreparable damage and loss to the State of Ohio for which there is no adequate remedy at law.

"WHEREFORE, plaintiff prays that the defendants be restrained temporarily from issuance and requirement of separate city boat licenses as herein described, and that on the final hearing of said cause, that the defendants be enjoined permanently from the issuance and requirement of separate city boat licenses, and for such other and further relief as may be just and proper." (The above was signed by Mark McElroy,

Attorney General of Ohio, and Jay C. Flowers, Assistant Attorney General of Ohio.)

"Answer (filed April 22, 1960)":

"Now comes the defendant, The City of Akron, together with Leo Berg, Leo G. Walter, and Wendell R. LaDue, impleaded herein, in their respective capacities as Mayor, Director of Public Service, and Superintendent of the Bureau of Water Supply of the said City of Akron, and for their joint answer to the petition of the plaintiff filed herein admit all the allegations of the three paragraphs of the first page of said petition which describe the capacities of the parties, set out the requirement that watercraft operated on the waters of this state be numbered and licensed, and quote in part the text of §1501.23 R. C.

"Further answering, defendants admit that The City of Akron and the several individual defendants acting for The City of Akron are requiring that a permission of license be obtained from The City of Akron for the privilege of operating watercraft upon Mogadore Reservoid, in evidence of which permission or license a numbered metal identification plate of distinctive color is issued to each owner of such watercraft for affixture to such craft.

"Defendants further admit that plans and preparations are being made for issuing similar licenses or permissions for the operation of watercraft upon another water reservoir owned by the City of Akron, namely, East Branch Reservoir, situated in Geauga County, Ohio, and will continue to do so unless restrained by order of court.

"Further answering, defendants deny each and every allegation of plaintiff's petition not herein specifically admitted to be true.

"Further answering; defendants say that said Mogadore Reservoir is an artificial lake created about 1939 by The City of Akron by damming the waters of a nonnavigable stream in the County of Portage, State of Ohio; that said dam was built for the purpose of stabilizing the flow of said stream and to provide an industrial water supply for The City of Akron; that the entire structure of said dam and all of the waters thereby impounded are upon land acquired in fee for water works purposes pursuant to constitutional authority and wholly owned by The City of Akron and used in the operation of the Akron City water works; that said reservoir is at a distance of some miles from and entirely outside of the corporate limits of The City of Akron.

"Defendants further say that the said East Branch Reservoir is situated in Geauga County, Ohio, at a distance of more than 25 miles from The City of Akron and entirely outside of and beyond its corporate limits; that said Reservoir is likewise an artificial body of water created by damming a nonnavigable stream; that all land underlying the structure of said dam and the waters impounded thereby was acquired by The City of Akron for waterworks purposes pursuant to authority granted by the Constitution of the State of Ohio, and is now held in fee by The City of Akron and used in the operation of the Akron City waterworks.

"Defendants further say that said reservoirs can be made available for public recreational purposes, including boating and fishing, only

at great additional expense for necessary cleaning and maintenance, and for supervision to protect against pollution, damage to banks and natural growth, and fire in the wooded areas; that because of inhibition contained in the Charter of The City of Akron and in Ohio statute law, neither water department funds nor tax can be expended for such purposes; that reasonable use fees are necessary to make such use possible; that the so-called license fees charged and planned to be charged by The City of Akron for the operation of watercraft within or without its boundaries and has enacted no ordinance on the subject.

"The defendants further say that said §1501.23 R. C., is unconstitutional and void to the extent that it may be understood to prohibit The City of Akron from fixing and imposing license or other charges for the privilege of operating watercraft upon the said reservoirs owned by The City of Akron, for the reason that it results in taking private property without due process and without compensation, and for the further reason that it constitutes a restriction or limitation upon the right granted to The City of Akron by **Section 4, Article XVIII, Ohio Constitution,** to acquire, own, lease and operate a public utility.

"Wherefore, having fully answered, defendants pray that plaintiff's petition may be dismissed and that they may go hence with their costs."

(The above was signed by John H. Zerbe, Assistant Director of Law, and Harry N. Van Berg, Director of Law of the City of Akron, attorneys for defendants. The above was sworn to by John H. Zerbe.)

## THE LAW (applicable)

The following claim is made by the defendants as questions of law:

"To the extent that §1501.23 R. C., prohibits the City of Akron from making charges for the privilege of boating upon or otherwise using its reservoirs, said statute is unconstitutional and void because, 1, it takes private property without due process and without compensation, and, 2, because it restricts and limits the right of the City, under **Section 4, Article XVIII, Ohio Constitution,** to own and operate a public utility."

A municipal corporation may own property in either a governmental or proprietary capacity, and that with respect to property held in a proprietary capacity, the rights and liabilities of a municipality are substantially those of private ownership.

See **State, ex rel. White, v. City of Cleveland, 125 Oh St 230.**

In the ownership and operation of water works property, cities act in a proprietary capacity.

See McQuillan, "Municipal Corporations," Section 4.132 at page 194.

What is the taking of private property? Generally, it is a deprivation of one or more of the several incidents of ownership; i. e., the right, subject to proper police regulation, to use and control property, to enjoy its fruits, to rent or lease it, and to sell it.

See **32 O. Jur. 631, "Incidents of Ownership."**

Our Court of Appeals (Summit), **72 Oh Ap 93, Hydraulic Company v. Fontaine et al,** held:

"The right to fish and boat upon impounded water (an artificial lake created by impounding a small stream) is a right which attaches to the owners of the underlying fee. . . ."

There is no ownership in the water itself, which eventually flows away; but the owner of the land underlying the water so dammed, has the exclusive right and use of the water so dammed, and the public has no right to fish in a boat upon its waters. Such right is an incident of the private ownership thereof.

This case followed the rule laid down in Lembeck v. Nye, 47 Oh St 336, which determined the ownership and rights in Chippewa Lake, Medina County, a 400 acre natural non-navigable inland lake (see syllabus [1] a).

To the same effect, see the ruling concerning the ownership of Bass Lake in Geauga County in the case of Bass Lake Company v. Hollenbeck et al, 11 O. C. C. 508; also see 24 O. Jur. (2nd) Fish and Game Section (8).

The situation now before us is parallel in fact and principle to the case of Board of Education v. City of Columbus, 118 Oh St 295, in which the Supreme Court of Ohio resolved the long dispute concerning the right of cities to charge, contrary to state statute (§3963 GC), now §743.09 R. C., for water supplied to schools.

"Syllabus (1): That portion of §3963 GC, which prohibits a city or village or the waterworks department thereof from making a charge for supplying water for the use of the public school buildngs or other public buildings in such city or village, is a violation of the rights conferred upon municipalities by Section (4), Article XVIII, Ohio Constitution, and is unconstitutional and void." (East Cleveland v. Board of Education, 112 Oh St 607, overruled.)

"Syllabus (2): That portion of §3963 GC, above referred to is unconstitutional and void for the further reason that it results in taking of private property for public use without compensation therefor in violation of Section 19, Article I, Ohio Constitution."

"Syllabus (3): Municipalities derive the right to acquire, construct, own, lease and operate utilities, the product of which is to be supplied to the municipalities, or its inhabitants, from Section (4), Article XVIII, Ohio Constitution, and the legislature is without power to impose restrictions or limitations upon that right." (Euclid v. Camp Wise Association, 102 Oh St 207, approved and followed.)

This case was approved and followed in Swank v. Village of Shiloh, 166 Oh St 415.

See also State, ex rel., v. City of Defiance, 167 Oh St 313, concerning §3667 GC, now §743.13 R. C.

## CONCLUSION

It, therefore, becomes obvious that the so-called Watercraft Act (§1501.12 et seq, R. C.), is unconstitutional and void insofar as it attempts to prohibit municipalities from imposing charges for the privilege of operating watercraft upon their waterworks reservoirs.

Furthermore, although the question of the applicability of said Watercraft Statute to other private individual or corporate owners of similar impounded lakes upon non-navigable streams is not actually before the court in this action, from the authorities cited above, it would seem that said statute would be, likewise, unconstitutional as to said owners, as it likewise attempts to deprive them of private personal

property rights in said waters without due process of law and without compensation therefor.

On this matter the court refers to **Lembeck v. Nye, 47 Oh St 336, Syllabus (1) (supra)**, the so-called Chippewa Lake case.

See also Syllabus (1)-a thereof, and **24 O. Jur. 2nd, Fish and Game, Section (8)**; and also **Hydraulic Company v. Fontaine, 72 Oh Ap 93 (Summit County) supra**, and other authorities in the brief of Attorney Clarence W. May of Akron, appearing Amicus Curiae, with consent of the court.

Counsel will prepare the proper entry, with exceptions.