298 So.2d 291 (1974)
Lambert LANDRY
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 9853.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 24, 1974.
*292 Larry P. Boudreaux, Thibodaux, for appellant.
Charles J. LeBlanc, Thibodaux, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
This matter was submitted to the trial court on a joint stipulation of facts which we relate in the following summary. Plaintiff, Lambert Landry, acquired from defendant, State Farm Mutual Automobile Insurance Company, an insurance policy which provided coverage for medical payments with limits of $5,000 for each person. The policy language providing for such coverage reads as follows:
"(THE COMPANY AGREES ...)
"PART II-EXPENSES FOR MEDICAL SERVICES COVERAGE C-Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident.
"(a) while occupying the owned automobile,
*293 "(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
"(c) through being struck by an automobile or by a trailer of any type;..."
(Joint Stipulation, Record, pp. 8, 9)
The vehicle described in the aforesaid policy was a 1967 Ford Country Sedan station wagon. While the above policy was in effect, plaintiff was injured in an automobile accident when a 1970 Ford truck, which was also owned and driven by him, was struck by another truck. Plaintiff also had an insurance policy with defendant insuring the Ford truck that he was driving but this policy did not provide for medical payments coverage. Both parties stipulate that as a result of the accident plaintiff incurred various medical and hospital expenses totaling $1,030.55.
Plaintiff bases his claim on the coverage provisions of the policy insuring the Ford station wagon. The defendant resists payment of the claim on the grounds that plaintiff was driving the Ford truck when he was injured and the policy naming the Ford truck as an insured vehicle had no medical payments coverage. From this it is argued that the effect of the trial court's finding of coverage under the policy insuring the station wagon is such that plaintiff could obtain blanket coverage on all vehicles owned by him, regardless of the number, while paying the premium on only one. We find that comment on this assertion is unnecessary as we are of the opinion that there is coverage under the policy by virtue of its insuring provisions. Coverage is afforded plaintiff under paragraph (c), supra, of the insuring agreement, which agrees to pay medical expenses: "(c) through being struck by an automobile or by a trailer of any type;..." We can find no provision excluding coverage while the insured is driving an owned vehicle not described in the policy when he has been injured through being struck by an automobile or by a trailer of any type.
Defendant counters that we must read all of the provisions together and that coverage under (a) and (b) contemplates a situation where plaintiff is occupying a vehicle, either owned or non-owned, and that (c) contemplates a situation where plaintiff is not occupying a vehicle but is physically "outside" of the vehicle. That same argument was made to this Court before when another panel considered the identical question in Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1st Cir. 1971). There it was held that the proper interpretation of "struck by" provisions in insurance policies is that physical contact of the insured's body with the offending vehicle is not a prerequisite of recovery, following the decided majority rule on the subject. Judge Landry, speaking for the Court, stated:
"We find that sub-paragraph (c) was intended to provide additional and separate coverage which encompasses the factual situation herein involved. Subparagraph (c) does not restrict its application to instances in which the insured is not the occupant of an automobile. Had appellant intended to limit its liability for injuries resulting from the insured being struck by an automobile to situations where the insured was outside of an automobile, it had the opportunity to do so in clear and unmistakable language." (Blanchard v. Hanover Insurance Company, 250 So.2d at 490)
The trial court, therefore, properly held that plaintiff was entitled to coverage for medical expenses incurred in the accident.
The plaintiff answered the appeal and is greatly aggrieved by virtue of the trial judge's failure to award him penalties *294 and attorney's fees under the provisions of LSA-R.S. 22:658 providing, in part, as follows:
"All insurers ... shall pay the amount of any claim due any insured... within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, ... together with all reasonable attorney's fees for the prosecution and collection of such loss...."
The trial judge did not reach the issue as to whether or not the insured's refusal to pay was arbitrary, for he preliminarily concluded that the requirements of the statute had not been met. As noted above, the insured is required to pay the amount of any claim due within sixty days after receipt of satisfactory proof of loss from the insured. However, plaintiff filed suit against the defendant within forty-four days from the date of submitting such proof of loss but after the defendant had denied liability.
In fact, the parties stipulated that the defendant refused to honor the claim and had refused payment in spite of written demands in excess of sixty days before the suit was filed. Furthermore, the defendant in its answer denied liability on the basis of a lack of coverage and relies on that same defense even unto this date. Under these circumstances, the submission of a proof of loss as a condition precedent to claiming penalties and attorney's fees for the arbitrary refusal to pay is waived, because under such circumstances the filing of a proof of loss would have been a useless formality. To the same effect, see Smith v. Kelly Labor Service, 239 So.2d 685 (La.App. 4th Cir. 1970), writ refused 257 La. 173, 241 So.2d 531, and the cases cited therein.
On the merits we have determined that the defendant's failure to pay medical benefits under the policy was arbitrary and capricious. The case of Blanchard v. Hanover Insurance Company, supra, previously commented on herein, was decided by this Court before plaintiff ever presented his claim and is legal precedent for the payment of the claim by the defendant. That case embraces all the arguments relied upon by counsel here, and although counsel attempts to distinguish the Blanchard case on a factual basis, the legal principles involved are indistinguishable. We cannot think of a more appropriate case for the imposition of penalties and attorney's fees under the statute, as the insurer not only misinterpreted the provisions of its own policy but also ignored judicial interpretation thereof.
With regard to attorney's fees put at issue by plaintiff's answer to the appeal, we have reviewed the record and found that the parties went to trial on a joint stipulation of facts. After losing the issue of penalties and attorney's fees, plaintiff filed an application for a new trial and wrote a brief in support thereof. When the new trial was denied, defendant perfected an appeal and plaintiff answered the appeal and the case was again briefed and argued before this Court. We are of the opinion that reasonable attorney's fees for all services rendered by counsel should be fixed at the sum of $750.00.
For these reasons, the judgment of the trial court is amended so as to hold that State Farm Mutual Automobile Insurance Company is indebted unto Lambert Landry for the principal sum of One Thousand Thirty and 55/100 ($1,030.55) Dollars, together with a penalty of twelve (12%) percent on said sum, plus the sum of Seven Hundred Fifty and No/100 ($750.00) Dollars, as reasonable attorney's fees, all sums *295 together with legal interest in the amount of seven (7%) percent per annum from January 19, 1973, the date of judicial demand, until paid, and for all costs of court, and as thus amended, the said judgment of District Court be affirmed and that appellant be condemned to pay all costs incurred in both Courts.
Amended and as amended affirmed.