ELLIS, Judge:
Plaintiff, Joseph Cutrer, was injured on January 14, 1977, when his 1973 Chevrolet station wagon collided with an automobile owned and operated by Alton Brumfield. The Brumfield vehicle was uninsured.
At the time of the accident, Mr. Cutrer owned two automobiles, the 1973 Chevrolet and a 1972 Pontiac. Both vehicles were insured with State Farm Mutual Automobile Insurance Company, with applicable uninsured motorist coverage limited to $10,-000.00 on the Chevrolet and $25,000.00 on the Pontiac.
This suit was filed on January 9, 1978, by Mr. Cutrer, naming Alton Brumfield, Rea-lus Brumfield and State Farm as parties defendant.
After trial on the merits, judgment was rendered in favor of plaintiff and against Alton Brumfield and State Farm, in solido, for $35,000.00, and in favor of Mr. Cutrer and against Alton Brumfield for the additional sum of $3,400.00. From this judgment, State Farm has appealed.
The only questions presented by the appeal are those of “stacking” the uninsured *649 motorist coverage available, and the alleged excessiveness of the award made by the trial judge.
On January 14, 1977, when the accident happened, the state of the law was such that plaintiff was entitled to “stack”, or add together, the uninsured motorist coverages provided by his two policies, regardless of the vehicle involved in the action. See R.S. 22:1406(D), prior to its amendment by Act 623 of 1977; Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972).
Act 623 of 1977, which became effective on September 9, 1977, amended R.S. 22:1406(D)(1) to read in part as follows:
“(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
“With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) the uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
State Farm claims that since this suit was filed after the effective date of the above act, its provisions are applicable hereto, and plaintiff is no longer permitted to stack coverages under its terms. State Farm takes the position that the above amendment is either interpretive or remedial legislation and that it may therefore be applied retrospectively. We cannot agree.
We find the above legislation to be substantive in nature, rather than interpretive or remedial. It cannot, therefore, be applied retrospectively, and cannot change the legal effect of the contract which was in effect between plaintiff and State Farm. See O’Banion v. Allstate Ins. Co., 347 So.2d 878 (La.App. 3rd Cir. 1977); Manuel v. American Indemnity Co., 368 So.2d 1200 (La.App. 3rd Cir. 1979).
The trial judge rendered detailed and lengthy reasons to support the award made by him in this case. On the facts as found by him, which are reasonably supported by the record, we find that the award, although high, is within the broad range of discretion accorded him in fixing quantum.
The judgment appealed from is therefore affirmed, at State Farm’s cost.
AFFIRMED.