DUFRESNE, Judge.
This is a suit for a claim of uninsured insurance proceeds as a result of a motor vehicle accident.
George E. Antill (plaintiff) alleges to have sustained bodily injury in an automobile accident occurring July 19, 1980, on Airline Highway in Metairie, Louisiana. Plaintiff was driving a 1979 White tractor *556 owned by his employer, Roland’s Transportation Services, Inc., when an automobile operated by George A. Burd crashed head-on into the left front side of the truck.
On July 19, 1982, plaintiff brought suit for his personal injuries, medical expenses, and loss wages against his own automobile liability insurer, Coastal Casualty Company, and his employer’s vehicle liability insurer, Bankers and Shippers Insurance Company of New York, under the uninsured and/or underinsured motorist coverages of said policies.
Coastal Casualty Company issued a policy of insurance naming Mildred J. and George E. Antill as insureds, providing $15,000.00 uninsured motorist protection.
This policy lists only one vehicle, namely, a 1973 Kenworth tractor.
Bankers and Shippers Insurance Co. of New York covers the 1979 White Tractor which was involved in the accident.
Plaintiff alleges that the insurance coverage provided by George A. Burd’s liability insurer was insufficient to compensate him for his damages, therefore he has sought recovery from the underinsurance provisions of policies issued by Bankers and Coastal (defendants).
The two defendants answered the lawsuit and admitted issuing said policies. The defendant, Coastal filed a motion for Summary Judgment based on a coverage defense. The trial court granted the motion and the lawsuit against the defendant, Coastal Casualty Company was dismissed. From this judgment plaintiff has appealed to this court.
The issue presented by plaintiff on appeal involves whether plaintiff’s policy of underinsurance coverage is available to him even though plaintiff’s insured vehicle was not the one involved in the accident?
We agree with the holding of the trial judge.
The facts of this matter are clear and undisputed, the resolution of this appeal is based upon the interpretation of the applicable law.
It is clear from the record that the defendant, Coastal issued a policy of insurance which covered a 1973 Kenworth tractor. However, the policy is void of any reference of the 1979 White Freightliner tractor which is owned by plaintiff’s employer, Roland’s Transportation Services and was being driven by the plaintiff at the time of the accident. Furthermore, there is no mention of the 1974 Timpte trailer connected to the tractor at the time of this accident.
Secondly, it is also undisputed that the Coastal policy is a “bobtail” policy, which means that it covers the insured only when the insured is on personal business. An endorsement to the policy specifically states that the policy does not apply, “while the automobile is used to carry property in any business”, or “while the automobile is being used in the business of any person or organization to whom the automobile is rented.” At the time of the accident, plaintiff was using another vehicle in the course of business activity for Roland’s Transportation Services.
Plaintiff does have insurance available; it is on the uninsured motorist policy relating and pertaining to the 1979 White tractor owned by Roland and operated at the time of the accident by the plaintiff. This policy was the one issued by the co-defendant, Bankers and Shippers Insurance Company of New York. The uninsured motorist coverage on the vehicle in which plaintiff was an occupant is primary. The referenced statute (R.S. 22:1406(D)(1)(c) provides that plaintiff’s limits of liability under the Bankers policy shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage policy.
An exception to that rule occurs when the injured party occupies a vehicle not owned by him, in which case the uninsured motorist coverage on the vehicle in which he was an occupant is primary, and should that coverage be exhausted, then the injured occupant may recover an excess from other uninsured motorist coverage avail *557 able to him. LSA-R.S. 22:1406(D)(1)(C) and (i) and (ii).
In this case, Coastal does not even provide excess coverage under the statute since Coastal does not have “other uninsured motorist coverage available to the plaintiff”.
As the court adequately stated in the case of Breaux v. Louisiana Farm Bureau Mutual Insurance Co., 413 So.2d 988 (La.App. 1st Cir.1982) at 993-994:
“Where there is more than one liability policy with UM coverage but only one such policy listing the involved vehicle, we conclude the 1977 amendment to the Act does make the coverage under that policy exclusive of the other coverage. We think the amendment clearly provides the policy or coverage on the vehicle in which the owner was injured is the only policy with usable UM coverage. In effect that policy becomes exclusive.”
Accordingly, for the foregoing reasons, we hold that the plaintiff cannot add on as excess uninsured motorist coverage, the Coastal policy which covered his privately owned 1973 Kenworth tractor for non-business purposes. Furthermore, we conclude that the Coastal policy is not additional insurance available to the plaintiff under the circumstances of this case.
The trial court properly granted the Motion for Summary Judgment dismissing Coastal Casualty Company, and we so affirm.
AFFIRMED.
BOWES, J., dissents with written reasons.