WILLIAM A. CULPEPPER, Judge, Retired, Pro Tern.
The issue in this appeal is the “stacking” of uninsured motorist coverages.
Plaintiff, Louis Wyatt, Jr., was injured on December 5,1981, while driving his own pickup truck, which collided with an auto *747 mobile driven by Raymond Robin, Jr. Plaintiffs claim for personal injuries against Robin and his insurer, Commercial Union Insurance Company, was settled for $50,000.00, the full amount of available coverage under the policy issued to Robin. Plaintiff also settled with American Specialty Insurance Company, which provided $5,000.00 uninsured motorist coverage on the Chevrolet pickup which he owned and was operating on the day of the collision.
At the time of the accident, plaintiffs father, Louis Wyatt, Sr., had policies with Foremost Insurance Company, United States Fidelity & Guaranty Company, and American Universal Insurance Company (hereinafter defendants) on different vehicles owned by him and/or his wife. Plaintiff, who lived in the same household with his father and mother and was an “omnibus insured,” sought to recover from their insurers for the medical payment and uninsured motorist limits.
Defendants filed motions for summary judgment, alleging that under La.R.S. 22:1406(D)(l)(c) plaintiff was not allowed to stack these U/M coverages. The trial court granted the motions and dismissed plaintiffs suit. From this judgment, plaintiff appealed. We affirm.
Plaintiff contends that his settlement of U/M coverage under the policy describing the pickup which he owned and was driving at the time of the accident, does not bar his right to also recover U/M benefits from at least one of the insurers of vehicles owned by his father or mother. The U/M coverages at issue are regulated by La.R.S. 22:1406(D)(l)(c), often referred to as the “anti-stacking” statute, which provides as follows:
“(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.” Plaintiff asserts that his settlement with
one insurer does not preclude his right to elect to recover a larger sum from one of the other carriers. In support of his contention, plaintiff cites Branch v. O’Brien, 396 So.2d 1372 (La.App. 2 Cir.1981), writ den., 400 So.2d 905 (La.1981), where the plaintiff was an insured under four separate State Farm policies insuring four different cars. The court allowed the plaintiff to choose from the four policies the one with the highest U/M coverage, even though the automobile described on that policy was not the one she was driving at the time of the accident.
Plaintiffs argument was specifically addressed in Breaux v. Louisiana Farm Bureau Mut. Ins. Co., 413 So.2d 988 (La.App. 1 Cir.1982), writ den., 420 So.2d 453 (La. 1982), in which the court held that where there is more than one liability policy with U/M coverage but only one such policy listing the involved vehicle, La.R.S. 22:1406(D)(1)(c) makes the U/M coverage under that policy exclusive. The court in Breaux disagreed with the reasoning of Branch “within the factual context of a motor vehicle owned by the injured party and listed in only one liability insurance *748 policy.” Breaux, supra, at page 993. The court reasoned as follows:
“Where there is more than one liability policy with UM coverage but only one such policy listing the involved vehicle, we conclude the 1977 amendment to the Act does make the coverage under that policy exclusive of the other coverage. We think the amendment clearly provides the policy or coverage on the vehicle in which the owner was injured is the only policy with usable UM coverage. In effect, that policy becomes exclusive.
He S¡C * * 3⅝
Thus the limitation against “stacking” is first made dependent upon the issuance of a liability insurance policy listing a particular motor vehicle. Here, plaintiff Danny Breaux had such a policy on his Suzuki motorcycle and, once issued, the limitation against “stacking” or increasing the limits of UM coverage in that policy became viable. The entire scheme of statutory UM coverage is in terms of the insured’s limits arising from a liability policy on a particular vehicle, not in terms of the aggregate or single limits one or more insurers may have otherwise provided. We apply the clear language of the Act and deny plaintiff access to the higher limits provided in the policy listing only the Pontiac automobile.4” (Footnote omitted.)
Breaux, supra, at pages 993, 994. In that situation, which is the same as in the present case, the Breaux court holds the U/M coverage on the vehicle listed in the policy and involved in the accident is exclusive. We agree with Breaux. See also, Antill v. Bankers & Shippers Ins. Co. of N.Y., 466 So.2d 555 (La.App. 5 Cir.1985), writ granted, 468 So.2d 567 (La.1985); Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La.1981); Cole v. State Farm Mut. Auto. Ins. Co., 427 So.2d 522 (La.App. 3 Cir.1983), writ den., 433 So.2d 710 (La.1983).
Plaintiff also relies on Taylor v. Tanner, 442 So.2d 435 (La.1983), in which the court held that “plaintiffs’ acceptance of the policy limits from one uninsured motorist carrier should not be deemed to constitute an implied choice or election to reject the limits from other policies that may be available to them.” This case is clearly distinguishable. Tanner involved a tort victim who received fatal injuries while a passenger in a vehicle not owned by her. Moreover, it involved facts which equitably favored the plaintiffs (the tort victim’s survivors) in that after they had collected under the policy on the host driver’s vehicle with U/M coverage of $5,000.00 and under a policy on the decedent’s vehicle with U/M coverage of $10,000.00, they discovered there was U/M coverage available under another policy with much higher limits. The Supreme Court held that, under these particular facts, the plaintiffs should be allowed to elect to recover from the U/M carrier with the highest policy limits. In the present case, unlike Taylor, the tort victim occupied a vehicle owned by him.
We conclude that under LSA-R.S. 22:1406(D)(1)(c) and the cited jurisprudence, the trial court was correct in granting the motions for summary judgment in favor of the defendants.
For the foregoing reasons, the judgment appealed is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.