GUIDRY, Judge.
Defendant-appellant, State Farm Mutual Automobile Insurance Company (State Farm), appeals a judgment by the trial court which awarded plaintiffs the policy limit benefits, under the UM provision of their State Farm automobile insurance policy following an accident in which their son, Michael Belaire, Jr., was killed. Michael was an omnibus insured under the State Farm policy.
During the early morning hours of October 23, 1983, Michael Belaire, Jr. was operating his 1968 Harley Davidson motorcycle in a westerly direction on Troy Road in Iberia Parish. At the same time, approximately 1:30 a.m., a vehicle owned and operated by Gerald J. Doucet was stopped in the roadway, perpendicular to normal traffic flow, blocking both lanes of travel. The Belaire motorcycle was unable to avoid the Doucet automobile and struck its right front fender causing injuries to Michael which resulted in his death.
At the trial of this matter, the following joint stipulation of facts was entered into by the parties:
“1. On October 23, 1983 Michael Be-laire, Jr. received bodily injuries which resulted in his death caused by an accident arising out of the operation of a motor vehicle.
2. The said accident was not a result of any negligence on the part of Michael Belaire, Jr.
3. The sole and proximate cause of the accident was the negligence of Gerald J. Doucet, Jr.
4. At all times material hereto, Michael Belaire, Jr. was the driver of a 1968 Harley Davidson motorcycle bearing Louisiana License No. 122513.
*1326 5. At all times material hereto, there was in full force and effect covering the 1968 Harley Davidson motorcycle a policy of uninsured motorist coverage issued by Allstate Insurance Company to Michael Belaire, Jr. providing uninsured motorist benefits in the amount of $10,-000.00.
6. At all times material hereto, Michael Belaire, Jr. was the registered owner of the 1968 Harley Davidson motorcycle, License No. 122513.
7. At all times material hereto, Michael Belaire, Jr. was the son of Mr. and Mrs. Michael Belaire, Sr. and a resident of their household.
8. At all times material hereto, Michael Belaire, Sr. had in full force and effect a policy of insurance issued by State Farm Mutual Automobile Insurance Insurance Company bearing policy no. 4207792-F27-18 and insuring a 1982 Buick Regal owned by . Michael Belaire, Sr.
9. Plaintiffs have settled their claims against Gerald J. Doucet, Jr. and his liability insurer, Champion Insurance Company for their policy limits of $5,000.00.
10. Plaintiff have settled their claims against Allstate Insurance Company, under the uninsured motorist provisions of the policy issued to Michael Belaire, Jr. on the 1968 Harley Davidson motorcycle for their policy limits of $10,000.00.
11. The damages of Mr. and Mrs. Michael Belaire, Sr. will exceed all applicable insurance coverage.”
The issue on appeal is whether the trial court correctly concluded that, under the facts of this case, plaintiffs are entitled to stack their State Farm policy coverage on top of their deceased son’s Allstate coverage and collect both UM coverages. We reverse, concluding that, under the facts presented, our law does not permit stacking of the coverages.
The trial judge gave no reasons for his decision. Appellant urges that, under the particular facts of this case, stacking is not permitted under the provisions of the uninsured motorist statute, La.R.S. 22:1406, as interpreted by our Supreme Court in Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216 (La.1981), and by this court in Cole v. State Farm Mutual Automobile Insurance Company, 427 So.2d 522 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 710 (La.1983). Appellees contend otherwise relying on our decision in Hebert v. Breaux, 398 So.2d 1299 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 986 (La.1981).
La.R.S. 22:1406 reads in pertinent part as follows:
[[Image here]]
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
[[Image here]]
(l)(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one *1327 coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
The Louisiana Supreme Court clarified under what circumstances La.R.S. 22:1406 D(l)(c) allows UM stacking in Nall v. State Farm Mutual Automobile Insurance Company, 406 So2d 216, 218 (La.1981), rehearing denied, where the court stated:
“[T]he first paragraph of the statute provides the general rule that an insured with insurance available to him under more than one U/M policy may not stack those policies, the second paragraph allows for an exception when: (1) the injured party is occupying an automobile not owned by him; (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him.”
In Cole v. State Farm Mutual Automobile Insurance Company, 427 So2d 522 (La.App. 3rd Cir.1983), writ denied, 433 So2d 710 (La.1983), we considered the precise issue which is presented for review in this case. The Coles owned four vehicles, each insured by a separate policy with State Farm. Mr. Cole, accompanied by his wife, was driving one of the vehicles when involved in an accident with an uninsured motorist. The Coles sought to stack the UM coverages of their four State Farm policies. The trial court ordered State Farm to pay plaintiffs the UM limits provided by the policy covering the vehicle driven by Mr. Cole but refused to allow recovery under the other three policies. In affirming the trial court, a panel of this court stated:
“As can be seen; LSA-R.S. 22:1406 (D)(1)(c) requires an injured party to be occupying an automobile not owned by said injured party, at the time he sustains bodily injury, to enable him to stack one U/M coverage as excess over and above the primary U/M coverage available to him. One of the stipulations of fact entered into by the parties states: ‘Kenneth Cole is the registered owner of the 1979 Volkswagen acquired during the marriage of Kenneth Cole and Gloria Cole’. Having acquired the Volkswagen (the automobile plaintiffs were occupying when the accident occurred) during their marriage, plaintiffs are co-owners of that automobile, absent a showing of the car being the separate property of the husband. No such showing has been made or suggested. Thus, Gloria Cole is unable to benefit from the exception to the antistacking statute contained in LSA-R.S. 22:1406(D)(l)(c).”
Cole, supra, at page 528. We attach no significance to the fact that in Cole the policies sought to be stacked were all issued by the same insurance company and, in this case, the policies were issued by different companies. This factual difference does not dictate a different result as our brethren of the First Circuit concluded in Breaux v. Louisiana Farm Bureau Mutual Insurance Co., 413 So2d 988 (La.App. 1st Cir.1982), writ denied, 420 So2d 453 (La.1982).
In Breaux, the court considered the stacking issue in a factual context similar to that presented in the instant case and concluded that the language of the Act, i.e., La.R.S. 22:1406 D(l)(c), clearly prohibited stacking, even in situations where the UM coverages were provided by different insurance companies.
We consider the decisions in Cole and Breaux sound, a correct interpretation of the intent and meaning of the Act and dispositive of the issue presented in this case.
Appellees’ argument that our decision in Hebert v. Breaux, supra, is controlling and dictates a result different from that reached in Cole and Breaux is misplaced. In Hebert, the plaintiff had collected UM benefits from State Farm, the insurer of her own car which she was driving at the time of the accident. Subsequently, she *1328 sought to recover under UM coverages provided by Bellefonte Insurance Company on two cars owned by her father. Bellefonte, for reasons best known to it, did not resist payment on the basis that La.R.S. 22:1406 D(l)(c) prohibited the stacking of Belle-fonte coverage, but claimed simply that plaintiff could not collect under both Belle-fonte policies because to do so would constitute stacking, in violation of pertinent provisions of the Bellefonte policies. This court held that the policy provisions were valid and plaintiff could not stack both Bellefonte coverages. In sum, in Hebert, Bellefonte did not oppose plaintiffs attempt to stack their UM coverage to the State Farm UM coverage on the basis of La.R.S. 22:1406 D(l)(c) and this court did not consider or address the merits of that issue.
The record establishes that Michael Be-laire, Jr. was the owner of the vehicle he was operating when he was killed and that such vehicle was insured by Allstate which paid to plaintiffs the UM policy limit benefits. Under these circumstances, plaintiffs are prohibited by the provisions of La.R.S. 22:1406 D(l)(c) from stacking the UM coverage of their State Farm policy.[1]
For the above and foregoing reasons, the judgment appealed from is reversed and judgment is now rendered in favor of State Farm Mutual Automobile Insurance Company ordering plaintiffs’ suit dismissed with prejudice and at their costs both at the trial level and on appeal.
REVERSED and RENDERED.

. Amicus Curiae sought to inject an alternative issue for consideration by this court, i.e., in the event stacking is prohibited, may plaintiffs elect to recover among UM coverages available to them. We disallowed filing of the Amicus Curiae brief because it sought to inject an issue for consideration on appeal not urged by the parties to the appeal. However, in any event, we note that a panel of this court decided this precise issue in the recent case of Wyatt v. Robin, 509 So.2d 746, adverse to the contentions of Amicus Curiae.