515 So.2d 543 (1987)
M. Larah PARDUE
v.
Gerald M. DEAN, Allstate Insurance Company, Hanover Insurance Company, and Aetna Casualty & Surety Company.
No. 86-CA-1086.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
*544 Douglas Cyrex, Gonzales, and Ralph Fletcher, Steve Marks, Baton Rouge, for plaintiff-appellant M. Larah Pardue.
Michael Harig, Baton Rouge, for defendant-appellee Gerald M. Dean and Allstate Ins. Co.
Arthur Andrews, Robert Funderburk, Jr., Baton Rouge, for intervenor-appellee Aetna Cas. and Sur. Ins.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
While in the course and scope of his employment with A-1 Plumbing, Heating and Electrical Company of Gonzales, plaintiff was injured in an automobile accident involving his vehicle and a vehicle driven by Todd B. Dean, the minor son of defendant Gerald M. Dean. At the time of the accident, plaintiff's business vehicle was being repaired, and he was driving his personal vehicle. Plaintiff brought this tort action against Dean and his insurer, Allstate Insurance Company; plaintiff's personal UM insurer, Hanover Insurance Company; and A-1 Plumbing's UM insurer, Aetna Casualty & Surety Company. Aetna, who was also A-1 Plumbing's worker's compensation carrier, intervened to recover benefits paid to plaintiff.
Plaintiff settled with Dean, Allstate, and Hanover upon receiving the liability limits of each of those policies. Consequently, only two issues now remain: whether plaintiff can recover from Aetna under A-1 Plumbing's UM coverage, and whether Aetna can recover the worker's compensation benefits it paid plaintiff. This appeal, however, concerns only the first issue. Aetna moved for summary judgment on the UM coverage issue, urging that the anti-stacking provision of the insurance code, LSA-R.S. 22:1406D(1)(c), prohibits plaintiff's recovery against it.[1] The trial court granted the summary judgment, and plaintiff appealed. We reverse and remand.
Summary judgment is appropriate when "there is no genuine issue as to material fact, and [the] mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966 B. The anti-stacking rule provides that the limits of uninsured motorist coverage "shall not be increased because of multiple motor vehicles covered under [one] policy... [or because] the insured has insurance available to him under more than one uninsured motorist coverage provision or policy." LSA-R.S. 22:1406D(1)(c). There is, however, a limited exception, which permits a non-owner occupant of a vehicle to stack one additional available uninsured motorist coverage on top of the uninsured motorist coverage for the vehicle in which he was injured. Id.; Taylor v. Tanner, 442 So.2d 435, 437 (La.1983). It is only when one is injured in a vehicle he does not own that he is allowed to stack one excess UM coverage on top of his primary coverage. See Taylor v. Tanner, 442 So.2d at 437; Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216, 218 (La.1981).
The anti-stacking law seems at first blush to limit UM recovery to one policy for a person injured in his own car, and, under a limited exception, to two policies for one injured in a car he does not own. Yet the rule and the exception must be read in pari materia with the entire UM law. LSA-C.C. art. 17. The exception defines primary coverage as that coverage on the vehicle in which the person was injured. In Breaux v. Louisiana Farm Bureau Mut. Ins. Co., 413 So.2d 988, 994 (La.App. 1st Cir.), cert. denied, 420 So.2d 453 (La. 1982), involving a plaintiff injured in his own vehicle, this court held that the coverage on that vehicle was his exclusive UM coverage. If, however, that vehicle has *545 more than one UM policy on it, then for purposes of the statute, all such policies are primary.[2]Capone v. King, 467 So.2d 574, 579-80 (La.App. 5th Cir.), cert. denied, 468 So.2d 1203, 1205 (La.1985). And, according to the statute "other uninsured motorist coverage available to [the insured]" is excess insurance. LSA-R.S. 22:1406 D(1)(c).
The purpose of the uninsured motorist law is "to protect innocent victims of the negligence of financially irresponsible motorists by providing [them] with full recovery." Taylor v. Tanner, 442 So.2d at 438 (citations omitted). The exception to the anti-stacking rule does likewise by not limiting a non-owner victim's recovery to whatever insurance coverage exists on the vehicle in which he was injured. The anti-stacking exception favors non-owner victims by giving them the right to recover from one excess policy, while owner victims have no such right. But there is no reason to believe the legislature intended to treat the two classes differently in the matter of primary coverage. Furthermore to limit such a plaintiff's recovery to only one of the policies on the accident vehicle would be to deny him his express right to increase coverage, see LSA-R.S. 22:1406 D(1)(b), as well as his freedom to contract, see LSA-C. C. art. 1971.
Finally, simple fairness dictates this interpretation of the anti-stacking law. If indeed the business purchased UM coverage on plaintiff's vehicle, the insurance company will suffer no prejudice upon having to pay. If, on the other hand, the business policy does not have to pay because plaintiff was driving his own car on company business, it is pointless for the business to pay for insurance coverage which as a matter of law does not exist.
When, as in the instant case, an employee was injured in a privately owned vehicle while in the course and scope of his employment, the Fifth Circuit Court of Appeal held that all policies covering the car in which he was injured are primary, and that stacking only occurs upon recovery under other uninsured motorist coverage, i.e., excess insurance as defined by the statute. See Capone v. King, 467 So.2d at 579-80.
Taylor v. Tanner likewise involved an employee injured in a privately owned vehicle while in the course and scope of his employment, and the supreme court treated the employer's UM policies as excess insurance. But the employer's UM policy was not on the car in which the victim was injured; it covered his company car, which was not involved in the accident. Thus Capone v. King and Taylor v. Tanner are not inconsistent.
Plaintiff alleges that the car in which he was injured was covered by two UM policies, his own, and the business auto policy.[3] If plaintiff is able to prove that the business auto policy covered the vehicle in which he was injured, the anti-stacking law does not preclude recovery thereunder. Consequently we cannot say at this stage of the proceedings that as a matter of law the anti-stacking rule precludes plaintiff's recovery under the business auto policy. Therefore summary judgment must be denied.
Accordingly the judgment of the trial court dismissing plaintiff's action against Aetna is reversed and remanded for further proceedings consistent with this opinion. All costs of this appeal are to be borne by defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Aetna also denied coverage, but that issue is not before us.
[2] This apparently does not affect the order of priority of the policies among themselves.
[3] The question whether the business auto policy covered plaintiff's car has not yet been resolved.