242 So.2d 355 (1970)
Thomas H. BOST, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellee.
No. 11543.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1970.
Rehearing Denied January 11, 1971.
*356 Booth, Lockard, Jack, Pleasant & LeSage by James E. Bolin, Jr., Shreveport, for plaintiff-appellant.
Mayer & Smith by Paul R. Mayer, Shreveport, for defendant-appellee.
Before AYRES, DIXON, and PRICE, JJ.
En Banc. Rehearing Denied January 11, 1971.
AYRES, Judge.
This is an action by plaintiff against his insurer under the "Medical Payments" provisions of an automobile insurance policy for reimbursement of expenses incurred in the treatment of injuries sustained by him in a motor vehicle collision. A motion for a summary judgment was sustained and, from a judgment accordingly rejecting plaintiff's demands and dismissing his suit, he prosecutes this appeal.
No controversy exists as to the facts, as indeed it must not, as such is one of the prerequisites to the sustaining of a motion for a summary judgment.
The insurance policy afforded coverage for plaintiff's two motor vehicles, a GMC pickup truck and a Ford Fordor automobile. Plaintiff's medical expenses exceeded the sum of $2,000.00. Claims were submitted and thereafter defendant paid the sum of $1,079.66. Plaintiff contends that the policy afforded a coverage in the sum of $2,000.00, and hence has brought this action for a balance allegedly due of $920.34 as well as penalties and attorney's fees. Defendant's contention is that the total coverage for medical expenses was limited to $1,000.00.
The policy involved is one commonly referred to as a "combination" automobile policy. Coverage "B" relates to medical payments. This portion of the policy, so far as pertinent, contains the following language.
"SECTION IIEXPENSES FOR MEDICAL SERVICES
"1. Coverage BMedical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident, * * *
"(c) through being struck by an automobile or by a trailer of any type;
* * * * * *
"4. Limit of Liability: The limit of liability for medical payments stated in the *357 declarations as applicable to `each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."
Under that section of the policy having reference to "Conditions," it is recited:
"4. Two or More AutomobilesSections I, II and IV: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, * * *."
In the "Declarations" provided in the policy, it is recited:
"4. The insurance afforded is only with respect to such of the following coverages as are indicated by a specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this Policy having reference thereto."
Thereafter it was recited that for "Medical Payments" coverages with a limit of $1,000.00 for each person there was a premium of $7.00 due on each of the motor vehicles.
Plaintiff thus claims that when an insured has a family-automobile policy under which he is paying separate "Medical Payments" premiums for two automobiles and an accident occurs wherein the insured was "occupying" an "owned automobile" and is injured through being struck by an automobile, the provision of the policy which reads, "When two or more automobiles are insured thereunder, the terms of this policy shall apply separately to each, * * *" requires that the insured pay under both "Medical Payments" coverages, that is, the limit of $1,000.00 provided for each of the insured vehicles. Plaintiff thus contends that it is only reasonable to believe that the additional medical-payment premiums charged for the inclusion of the vehicles listed were intended to afford corresponding benefits to the insured, and argues that it is patent from the terms of the policy that the total medical-payment exposure under the policy is $2,000.00.
The questions involved here were identical to those involved in the cases of Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App., 3d Cir. 1967rehearing denied and writs refused, 251 La. 687, 205 So.2d 605 (1968)); Odom v. American Insurance Company, 213 So.2d 359 (La.App., 3d Cir. 1968rehearing denied and writs refused, 252 La. 955, 215 So.2d 127 [1968]). The language of the insurance policies upon which these cited cases were based appears to be identical with the language of the policy involved in the instant case. Under that language our brethren of the Third Circuit have twice held that an injured party, within the coverage of the policy, is entitled to recover only a single limit of liability for "Medical Payments." Twice the Supreme Court has refused writs for the reason there was no error in law in the Court of Appeal judgments.
The question involved is not one of mere disagreement with our brethren of another circuit, but it is a question of greater importance. Our Supreme Court has twice placed its stamp of approval on the resolution by the Third Circuit of the legal question presented here. It would be most inappropriate for us, as an intermediate appellate court, not to follow the jurisprudence thus established by our highest court.
We find no error in the judgment appealed and it is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.