250 So.2d 484 (1971)
Robert J. BLANCHARD
v.
The HANOVER INSURANCE COMPANY.
No. 8458.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
*485 Lawrence F. Babst, Jr., New Orleans, for appellant.
Gerald F. Lofaso and Philip J. McMahon, of Borowski, Lofaso, McMahon & McCollam, Houma, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
This appeal by defendant, Hanover, is from the judgment of the trial court which awarded payments to appellant's insured, Blanchard, pursuant to the medical benefits clause in an automobile liability policy which states that the insured is entitled to such benefits if he sustained injury "through being struck by an automobile or by a trailer of any type." The trial court held that the quoted policy provision applies to an accident in which the insured sustained injuries while riding in a truck which was struck by another vehicle even though no part of Blanchard's person came into contact with the offending vehicle. Plaintiff has answered the appeal praying for penalties and attorney's fees denied by the trial court on the ground that defendant's refusal to pay was not arbitrary, capricious or without probable cause. We affirm the judgment rendered below.
There is no dispute as to the facts upon which this res nova question must be decided. Plaintiff, a clerical employee of Continental-Emsco, was injured on June 28, 1966, while driving a pickup truck owned by his employer. The truck was involved in a collision with a vehicle driven *486 by George Davis. At six to eight week intervals, plaintiff was required to be on duty "subject to call at night" for a period of one week for the purpose of making emergency deliveries. Plaintiff was not assigned any particular vehicle for this emergency duty. It was the employer's practice to leave vehicles at its place of business for the use of its employees on such occasions. The employee could select any available vehicle, but could not take it home without permission. Keys for the vehicles were left in the employer's office, and secured by the on duty employees when necessary. On this particular occasion, two pickup trucks were available. Plaintiff selected one of them. The accident in question occurred while plaintiff was making a delivery for his employer. In the course of the accident, plaintiff's person did not come into physical contact with Davis' vehicle.
Part II of subject policy obligates Hanover to pay its insured certain medical expenses if the insured sustained injuries:
"(a) while occupying the owned automobile;
(b) while occupying a non-owned automobile * * *, or
(c) through being struck by an automobile or by a trailer of any type."
Also pertinent is the policy provision which defines a non-owned automobile as one "not owned by or furnished for the regular use of either the named insured * * *." Plaintiff Blanchard is the named insured in subject policy. The trial court held that plaintiff was not entitled to recovery under sub-paragraph (b), which provides for payment for injuries sustained while occupying a non-owned vehicle, because the vehicle in question was excluded as a non-owned vehicle inasmuch as it was furnished by plaintiff's employer for plaintiff's regular use. Appellee complains of this ruling also.
In the interpretation of insurance contracts, any ambiguity is construed against the insurer who prepared the policy. Zurich Insurance Company v. Bouler, La.App., 198 So.2d 129.
The terms "furnished for" and "regular use", as used in an insurance policy of this nature, have been held to be unambiguous. Brouillette v. Fireman's Fund Insurance Company, La.App., 163 So.2d 389. Brouillette, above, involved a fireman who was injured while riding on a fire engine going to a fire. He sued for medical payments pursuant to the provisions in a policy issued by defendant on Brouillette's personally owned vehicle. The policy provided payments for injuries received "while occupying or otherwise being struck by an automobile", but excluded vehicles "* * * furnished for the regular use * * * of the named insured * * *." The court in Brouillette, above, noted that the terms involved are not ambiguous although there can be no hard and fast rule as to their application because each case must be determined in the light of its own peculiar facts and circumstances. Also, the court in Brouillette, above, cited with approval language from Moore v. State Farm Mutual Automobile Ins. Co., 239 Miss. 130, 121 So.2d 125, to the effect that the phrase "furnished for the regular use" was intended to restrict medical payments coverage where a non-owned vehicle is involved, to the casual or infrequent use of automobiles other than the insured's owned vehicle. In Brouillette, the court rejected the insured's contention that the irregular and sporadic use of the fire engine exempted it from the term "furnished for his regular use." Brouillette also noted that the clause in question does not exclude only vehicles "regularly used", but also vehicles "furnished" for regular use.
We find, as did the trial court, that the vehicle occupied by plaintiff at the time of the accident was one furnished for his regular use. Plaintiff was required to stand emergency duty at regular intervals. While subject to such calls, *487 his employer furnished vehicles for his use. That plaintiff had a choice of two vehicles is a matter of no moment. In Dickerson v. Millers Mutual Fire Ins. Co. of Texas, La.App., 139 So.2d 785, where plaintiff had a choice of several vehicles furnished for his use, recovery was denied under a similar policy provision when it was found that the vehicles were regularly available for plaintiff's use. In the case at hand, the employer continuously, at regular and predictably certain intervals, furnished vehicles for plaintiff's use. The accident in question occurred while plaintiff was using a furnished vehicle during one of such episodes. Since the use in this case constantly recurred at fixed intervals, we hold that it is of the type of use intended to be excluded.
We can find no interpretation of the phrase "struck by an automobile" in our own jurisprudence. Counsel for the contending parties have cited authorities from other jurisdictions which hold, on one hand, that the term requires actual physical contact between the person of the insured and the offending vehicle, and which also hold on the other hand, that physical contact is not required. The decided majority rule is that the applicable phrase does not require actual physical contact.
Appellant, relying upon Bowab v. St. Paul Fire & Marine Insurance Co., La. App., 152 So.2d 66; Metropolitan Casualty Ins. Co. v. Curry, 156 Fla. 502, 24 So.2d 316 (1945), and Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806 (1945), contends that "struck by an automobile" means actual contact between the injured party and the offending vehicle. In Curry, above, the court held that the term "struck by an automobile which is in motion under its usual motive power * * *" is not ambiguous. Curry, above, also noted that whereas the force of a collision which caused a second vehicle to strike an individual was unquestionably the proximate cause of resulting injury, nevertheless, the terms of the policy there involved were silent as to proximate cause, and in plain language insured only the contingency of being struck by an automobile in motion under its usual motive power.
In Johnston v. Maryland Casualty, above, plaintiff's truck was struck by another automobile. Plaintiff's policy provided coverage "by being struck or run over by an automobile." Plaintiff contended that since he was struck by his own car, he should recover. The court held that the term "struck by an automobile", as used in plaintiff's policy, meant an automobile other than the one in which plaintiff was riding. The court also held that since plaintiff was still in his own vehicle after the accident, and was not struck by the other car, plaintiff could not recover.
Bowab, above, from one of our own courts, is not factually apposite. In that instance, plaintiff sought medical payments under the provisions of his own policy for injuries sustained by the explosion of a tire which plaintiff had removed from a trailer. In denying recovery pursuant to a policy providing benefits in the event the insured was "struck by an automobile", our brothers of the Third Circuit reasoned that the term must be construed in its usual significance and meaning as required by LSA-C.C. article 1946. The court then held that the term intended that coverage be afforded against injuries resulting from "being struck, run into or run down by the vehicle * * *" and not from such a usual accident as that which occurred.
Appellant argues that it intended to pay benefits to its insured, as the occupant of a vehicle, only when the insured was an occupant of an owned or non-owned vehicle, as described in the policy, and not while the insured was occupying any other vehicle. Appellant then contends that to construe the policy as the trial court interpreted it, in effect, adds the phrase "* * * and also while an occupant of any other automobile", thus completely negating sub-paragraphs (a) and (b), *488 and rendering them totally unnecessary. This, according to appellant, writes an entirely new and different contract.
The same argument made by appellant herein was rejected in Bates v. United Security Insurance Company, 163 N.W.2d 390, 33 A.L.R.3d 950, in which the Supreme Court of Iowa noted:
"In support of this contention defendant argues if we construe subparagraph (c) as being intended to extend coverage to an insured driving an automobile other than an `owned' or `non-owned' vehicle, we are in effect penalizing the insurance company for seeking to grant coverage and benefits to plaintiff when he was outside an automobile and struck by another automobile, which is the clear intent of subparagraph (c) when the entire policy is considered. Defendant further maintains such construction would render subparagraphs (a) and (b) obviously as of no significance, surplusage and meaningless. It asserts the entire contract must be considered and interpreted as a whole.
"In Archibald v. Midwest Paper Stock Company, 260 Iowa 1, 148 N.W.2d 460, 463, we said:
`* * * This jurisdiction has adopted the rule that a contract should be read and interpreted as an entirety rather than seriatim by clauses and that the position of clauses in such instrument is not material or controlling. We think this holding is in accord with the majority of the better considered and more modern authorities elsewhere.'
"But while considering the insurance contract as a whole, `the court should ascertain what the insured, as a reasonable person, understood the policy to mean, not what the insurer actually intended * * * We have said on several occasions a contract of insurance should not be construed through the magnifying eye of the technical lawyer but rather from the standpoint of what an ordinary man would believe it to mean * * *. Policies written and sold to the public should not require the services of an expert in semantics to determine coverage.'
"Subparagraphs (a), (b) and (c) of Coverage C, Part II, are each set apart with subparagraph (c) being joined by the conjunction `or'. As used in its ordinary sense the word `or' marks an alternative indicating the various members of a sentence which it connects are to be taken separately. * * * The word `or' is defined in The Random House Dictionary, page 1011, as `used to connect alternative terms for the same thing.' * * * The word `or' marks an alternative and generally corresponds in meaning to the word `either'. It signifies that one of two things may be done, but not both.
"We therefore hold the legal operation of subparagraph (c) in this policy must be treated as an additional and separate coverage for the factual situation here. We believe this will give effect or meaning to every clause in Coverage C. It `is by the words and other symbols that are grouped in phrases and sentences and paragraphs and chapters and volumes that meanings are expressed and conveyed to others, not by separate words in a disconnected row. * * * Neither a proper interpretation nor a just determination of legal effects can be reached without giving due consideration to all the parts of a contract. * * *'
"If the insurer desired to limit coverage under subparagraph (c) to situations where the policy beneficiary was outside an automobile, it had the opportunity but failed to do so.
"We have studied all decisions cited by defendant. We believe we have sufficiently distinguished Johnston v. Maryland Casualty Co., supra, 22 Wash.2d *489 305, 155 P.2d 806, upon which it relies. * * *"
A similar interpretation was reached in Carson v. Nationwide Mutual Insurance Company, Ohio Com.Pl., 84 Ohio Law Abst. 387, 169 N.E.2d 506, in which plaintiff was injured while riding a farm tractor which was struck by a motor vehicle. In Carson, above, plaintiff's person was not touched by the offending vehicle. The court in Carson, above, observed:
"The first question to be considered is whether or not within the context of his policy a person is `struck by a land motor vehicle' when the vehicle which he is then operating or on which he is riding is involved in a collision with another vehicle and such person receives injuries admittedly resulting from such accident, even though there has been no physical touching between the person injured and the vehicle which collided with the one in which he was riding or which he was operating.
"Webster's New International Dictionary devotes three full columns to the varied definitions and meanings of the word `strike' and they include the words and phrases `to hit', `dash', `clash' or `to come in collision with'.
* * * * * *
"A pedestrian who walks with the assistance of a cane, thrown to the ground when a vehicle strikes his cane from his hands without actually touching his person, causing him to be injured; two pedestrians walking side by side only one of whom, however, is physically brushed by a passing vehicle causing them both to be thrown to the ground and injured; a person seated in a swing or on a hammock, on a lawn, off the street, thrown into the air by a vehicle out of control, crashing into the swing or hammock, but not actually touching the person of the injured; a person riding on a bicycle or motorcycle, having it hurled from under him by a passing vehicle without actually touching his person; the rear end collisions which are a daily occurrence on our city streets, and frequently happen when a vehicle stops at an intersection for a red light and while stopped is struck by a vehicle from behind, causing injury to the operator or passenger of the stationary vehicle.
"To hold as the defendant insists, that in none of these instances was the person injured `struck by' the offending vehicle merely because there was no physical touching of the person injured by said vehicle, would seem to be novel, unwarranted and without justification, taking into account the common and ordinary meaning of these words and phrases which are not obscure or ambiguous and which in ordinary usage, in the opinion of this court, are commonly understood to mean the contrary.
* * * * * *
"Thus, the inescapable conclusion is reached that the reasonable and ordinary meaning of the word `struck by', not elsewhere or otherwise in the policy restricted or limited, must be given and applied and that such meaning embraces and correctly describes the factual pattern in the instant case. If it be urged that the language of the policy selected by the insurer, is in the use of words `struck by' ambiguous or of a certain meaning, which this court does not agree, it is in that case at least fairly and reasonably susceptible to the construction this court gives it and that construction which is favorable to the insured should be adopted in accordance with the rules of construction already and previously noted."
The same result was reached in Labracio v. Northern Ins. Co. of New York, 66 N.J.Super. 216, 168 A.2d 682, wherein the New Jersey court held that the striking of a motor scooter on which the insured was riding constituted a striking of the insured by an automobile within the meaning of the term "struck by an automobile" *490 as used in the medical payments coverage of a policy.
Beyond question, the tenor of the recent decisions of our appellate courts reflect an ever increasing policy of liberality in the construction of insurance policies to extend rather than restrict coverage. Commercial Union Ins. Co. of New York v. Hardcastle, La.App., 188 So.2d 698; West v. City of Ville Platte, La.App., 237 So.2d 730.
We are impressed with the reasonableness of the rationale of the Iowa court in Bates, above, and adopt it as our own. As in Ohio, our own rules of interpretation require that a contract be construed in its entirety in arriving at the intention of the parties. Labbe v. Mt. Beacon Insurance Co., La.App., 221 So.2d 354.
We find that sub-paragraph (c) was intended to provide additional and separate coverage which encompasses the factual situation herein involved. Sub-paragraph (c) does not restrict its application to instances in which the insured is not the occupant of an automobile. Had appellant intended to limit its liability for injuries resulting from the insured being struck by an automobile to situations where the insured was outside of an automobile, it had the opportunity to do so in clear and unmistakable language.
It is well settled that policy exclusions are to be strictly construed, and that any ambiguity in such respect shall be resolved in favor of coverage. Bezue v. Hartford Accident & Indemnity Co., Hartford, Conn., La.App., 224 So.2d 76.
Bowab, above, is distinguishable from the instant case in that the cited authority involved circumstances of an unusual and not reasonably foreseeable nature. Injuries resulting from a tire exploding while being removed from a vehicle cannot logically have been deemed by contracting parties to be included within the term "struck by an automobile." We consider it significant, though not necessarily decisive, that the vehicle involved in Bowab was not in motion either under its own power or otherwise.
Brown v. Life & Casualty Ins. Co. of Tennessee, 146 So. 332 (La.App. 2nd Circuit), is also inapplicable herein. In Brown, above, plaintiff was injured when struck, while standing on a street corner, by a wire attached to pipes being transported by a passing truck. Recovery was sought under a policy providing that benefits were payable "if insured shall be struck by actually coming in physical contact with a vehicle itself." The court there properly held that in view of the plain and unmistakable terms of the policy involved, actual physical contact with the offending vehicle was specifically required.
In requesting penalties and attorney's fees, appellee points out that appellant's refusal to tender payments due necessitated appellee engaging an attorney. Appellee also shows that when demand was made through his attorney, defendant declined coverage on the ground appellee was using a vehicle regularly furnished for appellee's use, and made no reference to sub-paragraph (c) of the policy. Thereafter, appellee's attorney again demanded payment and furnished appellant an affidavit by appellee's superior to the effect that the vehicle in question was not furnished for appellee's regular use. Plaintiff also points out that it was not until after suit was filed that appellant first indicated it would rely on sub-paragraph (b) in denying coverage.
Appellee's demand for penalties and attorney's fees is predicated on LSA-R.S. 22:658, which states that the penalties attach only when the insurer's failure to pay is arbitrary, capricious, or without probable cause. The statute is penal in nature and therefore must be strictly construed. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338. An insurer who presents serious defenses with good cause is not amenable to the statute's provisions. Williams v. *491 Southern Advance Bag & Paper Co., La. App., 87 So.2d 165.
We find that, in this instance, appellant possessed good cause to question the validity of appellee's claim in view of the serious nature of the res nova question upon which this case turns. Appellee's claim for penalties and attorney's fees is denied.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by defendant, Hanover Insurance Company.
Affirmed.