SEXTON, Judge.
Plaintiff appeals an adverse trial court judgment refusing to allow her to stack medical payments coverage on two automobiles covered under the same policy. We affirm.
During March of 1979 plaintiff, Rose Elizabeth Owens, was injured while a guest passenger in an automobile being driven by Patricia Plumley. At that time she was residing in the home of her parents in Oak Grove, Louisiana. She suffered severe injuries and had medical expenses exceeding the sum of $4,000. At the time of the accident her father had in full force and effect a policy of insurance issued by the defendant, Aetna Casualty and Surety Company, which covered two separate vehi- *360 cíes, a 1977 Pinto station wagon and a 1965 Chevrolet pickup, with each vehicle having $2,000 medical payments coverage. Defendant paid the sum of $2,000 to the plaintiff and she sued for an additional $2,000, and also sought penalties and attorneys fees.
The sole question on appeal is whether an insured may stack medical payments coverage on two automobiles covered under the same policy when the insured is injured in a “non-owned” vehicle.
In Bost v. Hartford Accident and Indemnity Co., 242 So.2d 355 (La.App. 2d Cir.1970), this court refused to allow stacking under a similarly worded policy where the insured was injured in an “owned” vehicle. In so doing, this court relied on Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App. 3d Cir.1967), writs den. 205 So.2d 605 (1968) and Odom v. American Insurance Co., 213 So.2d 359 (La.App. 3d Cir.1968), writs den. 215 So.2d 127 (1968), both of which involved “owned” vehicles. In Bourgeois v. Government Employees Insurance Co., 316 So.2d 804 (La.App. 1st Cir. 1975), the First Circuit followed Bost, Odom and Guillory in refusing to allow stacking where the insured was killed while riding in a third or “non-owned” vehicle. Also citing Guillory and Bost the Fourth Circuit reached the same result and declined to allow stacking where the plaintiff was injured in a third or “non-owned” vehicle in Lane v. Fireman’s Fund Ins. Co., 344 So.2d 702 (La.App. 4th Cir.1977).
Plaintiff, however, relies on Easley v. Fireman’s Ins. Co. of Newark, N.J., 372 So.2d 1067 (La.App. 3d Cir.1979), where the Third Circuit allowed stacking to an insured who was found to be an injured pedestrian (as opposed to an insured occupying an “owned” or “non-owned” vehicle). That panel of the Third Circuit refused to follow the circuit’s previous decisions in Guillory and Odom and permitted stacking. The court noted some distinctions of a minor nature between the cases we have just noted and the situation in Easley. However, the court specifically refused to base its result on any such distinctions and rendered the aforementioned result, contrary to its previous jurisprudence and that of the other circuits.
We are unable to perceive any significant distinction between the policy at issue in this case and those policies at issue in the cases noted above. Likewise we do not believe that any significant distinction inheres in the fact that in some cases the plaintiff was occupying a non-owned vehicle, in some an owned vehicle and in at least one case was a pedestrian. The overwhelming weight of the jurisprudence of all of the circuits, and the latest pronouncement of this circuit, Bost, supra, precludes stacking of medical coverage under these circumstances.
The judgment of the trial court is therefore affirmed at appellant’s costs.
AFFIRMED.