427 So.2d 522 (1983)
Kenneth D. COLE, et ux, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendant-Appellee.
No. 82-473.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
*523 Francis E. Mire, Lake Charles, for plaintiffs-appellants.
Stockwell Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
FORET, Judge.
Kenneth Cole and his wife, Gloria Cole, (plaintiffs) appeal from the trial court's granting of a motion for summary judgment filed by one of the defendants to this action, State Farm Mutual Automobile Insurance Company (State Farm).
*524 The main issue is whether the trial court properly granted the motion for summary judgment[1].

FACTS
This tort action arises out of an automobile accident that occurred on July 12, 1981, in Calcasieu Parish. At the time, Gloria Cole was a passenger in plaintiffs' Volkswagen, which was being driven by Kenneth Cole, when it collided with another automobile being driven by Dale Bruney (Bruney)[2]. Bruney was uninsured at the time of the accident.
State Farm had issued four separate automobile insurance policies to Kenneth Cole covering four different vehicles owned by plaintiffs, including their Volkswagen. The limits of liability for uninsured motorists (U/M) coverage under each of the four policies were set at $10,000 for each person and $20,000 for each accident. Three of these policies also provided medical payments coverages with the limits of liability set at $2,000 for each person. These policies were in effect at the time of the accident.
Plaintiffs alleged that they had sustained damages in the accident, which were in excess of the limits of liability set by the State Farm policy on their Volkswagen. They sought to "stack" the U/M coverages of the four State Farm policies, as well as the medical payments coverages of three of those policies. The trial court refused to allow this, rendering judgment, on State Farm's motion for summary judgment, in favor of plaintiffs and against State Farm, ordering State Farm to pay them $10,000. The trial court further rendered judgment on the motion for summary judgment in favor of State Farm and against plaintiffs, rejecting all of plaintiffs' other demands against State Farm.

SUMMARY JUDGMENT
State Farm, in its motion for summary judgment, alleged that, based on the pleadings and documents in the record, the stipulations of fact entered into by the parties, and the certified copies of the insurance policies attached to its motion, there was no genuine issue as to any material fact in this case and that it was entitled to judgment as a matter of law.
LSA-C.C.P. Article 966[3] provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that mover is entitled to judgment as a matter of law. Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3 Cir.1981), writ denied, 410 So.2d 763 (La.1982); Vascocu v. Singletary, 404 So.2d 301 (La.App. 3 Cir.1981), writ denied, 409 So.2d 676 (La.1981).
*525 A review of the record discloses that the parties entered into certain stipulations of facts for use by the trial court in making its determination on State Farm's motion for summary judgment. Plaintiffs make no argument, in their brief filed in this Court, that a genuine issue exists as to any material fact. Their arguments are directed solely towards the merits of the trial court's judgment. We find that there is no genuine issue as to material fact.
In the absence of a factual dispute (and the necessity for weighing evidence which cannot be permitted in summary judgment proceedings), the trial judge merely accepts, as established, all of the undisputed facts and determines, as a matter of law, whether under the established facts the mover is entitled to the relief sought. Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4 Cir.1975); Greer v. General Motors Corporation, 293 So.2d 228 (La.App. 3 Cir.1974).

A. STACKING OF MEDICAL PAYMENTS COVERAGES.
Plaintiffs contend that the trial court erred in refusing to allow them to stack the medical payments coverages provided for by the State Farm policies on two of their vehicles, which were not involved in the accident. Both policies contain the following provision setting forth the extent of the medical payments coverages thereunder:
"COVERAGE CMedical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident,
(a) while occupying the owned automobile,
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type;"
We had occasion to interpret an identical provision contained in an automobile insurance policy, in Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3 Cir.1973), under facts and circumstances similar to those present in the action sub judice. Plaintiff, in Crenwelge, had been issued two separate automobile insurance policies on two vehicles owned by him. Each policy provided for medical payments coverage of $500 to each person. Plaintiff was involved in an accident in one of his vehicles, and he sought to recover the policy limits for medical payments under both policies. In refusing to allow plaintiff to recover medical payments under the policy on the vehicle not involved in the accident, Crenwelge stated, on page 160, that:
"Since the claim here is for medical expenses of the named insured and a relative, it follows that unless coverage can be found within the language of Division 1, there is no coverage under the Plymouth policy. Let us examine subparagraphs (a), (b) and (c) of Division 1 quoted above.
There is no coverage under subparagraph (a) since the named insured and his relative were not occupying "the owned automobile", which is defined in the policy as an "automobile described in this policy for which a specific premium charge indicates that coverage is afforded." The Volkswagen is not described in the Plymouth policy and hence is not "an owned automobile" under the Plymouth policy.
Subdivision (b) of Division 1 does not apply because the named insured and his relative were not occupying a nonowned automobile. The policy defines a "nonowned automobile" as one which is "not owned by or furnished for the regular use of either the named insured or any relative". The Volkswagen occupied by the *526 named insured and his relative was owned by the named insured.

Subdivision (c) of Division 1 does not apply because plaintiff and his relative were not pedestrians who were struck by an automobile or other vehicle. Thus, we find there is no medical payments coverage under the language of the Plymouth policy."
(Emphasis ours.)
There is no significant difference between the definitions given the terms "owned automobile" and "non-owned automobile" in the passage quoted above, and the definitions of those terms found in the policies under review. In addition, the term "named insured" contained in the State Farm policies means the individual named in the declarations (Kenneth Cole) and also includes his spouse (Gloria Cole), if a resident of the same household[4].
However, we note that there is conflicting jurisprudence as to the proper interpretation to be given COVERAGE C, DIVISION I, SUBPARAGRAPH (c), which provides medical payments coverage to a named insured who sustains bodily injury "... through being struck by an automobile or by a trailer of any type; ...". Crenwelge interpreted this particular provision to be applicable only in those situations where a named insured is a pedestrian, when struck by an automobile, etc. However, in Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1, Cir. 1971), the court stated, on page 490:
"We find that sub-paragraph (c) was intended to provide additional and separate coverage which encompasses the factual situation herein involved. Sub-paragraph (c) does not restrict its application to instances in which the insured is not the occupant of an automobile. Had appellant intended to limit its liability for injuries resulting from the insured being struck by an automobile to situations where the insured was outside of an automobile, it had the opportunity to do so in clear and unmistakable language."
Sub-paragraph (c), referred to in the above quoted passage, was found in the medical payments provisions of the automobile insurance policy under review in Blanchard. These provisions (including sub-paragraph (c)) are identical to those found in the State Farm policies with which we are concerned, and to those found in the policies in Crenwelge.
While we tend to agree with the interpretation given sub-paragraph (c) in Blanchard, a finding that plaintiffs were provided medical payments coverage by each of the State Farm policies would still result in plaintiffs' being able to recover a maximum of $2,000. The reason for this is that each of the State Farm policies contained the following "Other Insurance" provisions[5]:
"Other Insurance. If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; ...."
Phillips v. Hartford Accident & Indemnity Company, 325 So.2d 638 (La.App. 1 Cir. 1976), reached this same result when it had occasion to construe identical medical payments provisions of other automobile insurance policies.
Absent conflict with statute or public policy, insurers may, by unambiguous *527 and clearly noticeable provisions, limit liability and impose such reasonable conditions as they wish upon the obligations they assume by contract. Jones v. MFA Mutual Insurance Company, 410 So.2d 1190 (La. App. 3 Cir.1982); Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973); Breaux v. St. Paul Fire & Marine Insurance Co., 326 So.2d 891 (La.App. 3 Cir.1976).
In these circumstances, unambiguous provisions limiting liability must be given effect. Jones v. MFA Mutual Insurance Co., supra; Breaux v. St. Paul Fire & Marine Insurance Co., supra; Snell v. Stein, 259 So.2d 876 (La.1972), and authorities cited therein.
There is no statutory or public policy requirement relating to medical payments coverage which overrides or negates the express provisions of the policy, which should be given effect as written. See Branch v. O'Brien, 396 So.2d 1372 (La.App. 2 Cir.1981), writ denied, 400 So.2d 905 (La. 1981); Breaux v. Louisiana Farm Bureau Mutual Insurance Co., 413 So.2d 988 (La. App. 1 Cir.1982); Phillips v. Hartford Accident & Indemnity Co., supra.
However, plaintiffs cite Easley v. Firemen's Insurance Company of Newark, New Jersey, 372 So.2d 1067 (La.App. 3 Cir.1979), in which this Court did allow the stacking of two medical payments coverages. We find Easley to be distinguishable on its facts from the present action. Plaintiff in Easley insured two automobiles under the same automobile insurance policy. The coverage for each vehicle contained a medical payments provision for which plaintiff was charged separate premiums. Plaintiff was a pedestrian who was injured as a result of an explosion caused by the collision of a train with a tractor-trailer truck. Plaintiff sought to stack the medical payments coverages on both his vehicles as the named insured under the policy who sustained bodily injury caused by accident, "... through being struck by an automobile or by a trailer of any type".
Easley reviewed the policy providing medical payments coverages and noted particularly the provisions therein regarding the limits of liability for such coverages, and the effect to be given the terms of the policy, when two or more automobiles were insured thereunder. Easley then found that these two provisions were ambiguous when read together, and applied the well-settled rule that whenever ambiguity is found in the provisions of an insurance contract, such ambiguity will be resolved in favor of the insured so as to provide him with the broadest coverage consistent with a reasonable interpretation of the contract. Easley then went on to state, on page 1072, that:
"The second mentioned clause gives support to plaintiff's argument that there are, in effect, two separate medical payments policies extant, both of which he has been billed for and paid for.
"The medical payments provisions of the insurance contract is a separate and distinct contractual arrangement between the parties which serves the purpose of providing additional protection to the insured without the issue of fault becoming involved."

Odom [v. American Insurance Co.], 213 So.2d [359] at 362 (Tate, concurring in denial)
If the plaintiff had purchased two separate medical payments policies, there would be no doubt that he could combine the benefits. In the present case he has placed these two coverages in one contract; he should not be made to lose benefits he has paid for merely because of this fact.
The plaintiff should be entitled to combine his two medical payments provisions either simply because he has bought and paid for two coverages or due to the irreconcilable nature the two aforementioned clauses."
We express no opinion regarding the correctness of the reasoning of Easley in the above quoted passage. If the medical payments provisions of insurance contracts allow, or at least do not prohibit, the stacking of medical payments coverages, then an insured should be allowed to do this. However, *528 if, by clear and unambiguous language contained therein, the insurance contracts limit such coverages to the point where stacking is precluded, then these provisions should be given effect.

B. STACKING OF U/M COVERAGES.
Plaintiffs contend that the trial court erred in refusing to allow Gloria Cole to stack the U/M coverages of at least two of the policies issued them by State Farm. They argue that LSA-R.S. 22:1406(D)(1)(c) provides an exception to the statutory prohibition against the stacking of U/M coverages and rely on Courville v. State Farm Mutual Automobile Insurance Company, 393 So.2d 703 (La.1981), in support of their argument.
LSA-R.S. 22:1406(D)(1)(c) provides:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant." (Emphasis ours.)
As can be seen, LSA-R.S. 22:1406 (D)(1)(c) requires an injured party to be occupying an automobile not owned by said injured party, at the time he sustains bodily injury, to enable him to stack one U/M coverage as excess over and above the primary U/M coverage available to him. One of the stipulations of fact entered into by the parties states: "Kenneth Cole is the registered owner of the 1979 Volkswagen acquired during the marriage of Kenneth Cole and Gloria Cole". Having acquired the Volkswagen (the automobile plaintiffs were occupying when the accident occurred) during their marriage, plaintiffs are co-owners of that automobile, absent a showing of the car being the separate property of the husband. No such showing has been made or suggested. Thus, Gloria Cole is unable to benefit from the exception to the anti-stacking statute contained in LSA-R.S. 22:1406(D)(1)(c).

C. PENALTIES AND ATTORNEY'S FEES.
Plaintiffs contend that the trial court erred in refusing to allow them penalties and attorney's fees under the provisions of LSA-R.S. 22:658. They argue that State Farm arbitrarily, capriciously, and without probable cause, failed to pay them for their losses, which were covered by the U/M provisions of the policy on their Volkswagen, within the time period specified in LSA-R.S. 22:658.
LSA-R.S. 22:658 provides, in pertinent part:
"§ 658. Payment of claims, policies other than life and health and accident; penalties
All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any *529 party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, ..."
. . . . .
(Emphasis ours.)
Since this statutory provision is penal in nature, it is to be strictly construed and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for non-payment. Moore v. Millers Mutual Fire Insurance Company of Texas, 406 So.2d 708 (La. App. 2 Cir.1981), writ denied, 410 So.2d 1132 (La.1982); Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La. 1977).
A review of the record indicates that plaintiffs failed to submit any proof of loss to State Farm. Plaintiffs itemized their damages in their petition, but this certainly does not constitute proof that they suffered these losses or the amount thereof. Further, plaintiffs failed to submit any proof to State Farm regarding their allegation that Bruney was an uninsured motorist. Further, there was no stipulation or admission by State Farm that Bruney, the uninsured motorist, was guilty of negligence, which was a proximate cause of the accidenta prerequisite to State Farm's liability under its U/M coverage. However, after the parties entered into the stipulations of fact, State Farm unconditionally tendered its policy limit of $10,000 to plaintiffs under the U/M provisions of the policy it had issued on their Volkswagen. In addition, the parties stipulated that State Farm had already paid plaintiffs its policy limits of $2,000 under the medical payments provisions of that same policy.
It is our opinion that the trial court correctly refused to allow plaintiffs to recover penalties and attorney's fees. Further, the trial court correctly found that State Farm was entitled to judgment as a matter of law.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Plaintiffs also raise the following issues in their assignment of errors: (a) Whether the trial court erred in failing to follow previous decisions of this Court allegedly allowing the stacking of medical payments coverages of separate automobile insurance policies on different vehicles; (b) whether the trial court erred in refusing to allow Gloria Cole to stack the uninsured motorist coverages of at least two of the State Farm automobile insurance policies issued to plaintiffs; and (c) whether the trial court erred in refusing to allow plaintiffs the statutory penalties and attorney's fees for State Farm's alleged failure to timely pay their claims under the automobile insurance policies it issued to them.
[2] Bruney is the other named defendant to plaintiffs' action.
[3] "Art. 966. Motion for summary judgment; procedure

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1."
[4] One of the stipulations of fact entered into by the parties states that: "Kenneth and Gloria Cole were at all material times herein husband and wife, residing together as husband and wife in the same household."
[5] We also note that each of the State Farm policies contain the following provision with respect to medical payments coverage:

"Limit of Liability. The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."