433 So.2d 884 (1983)
Jerry HAMPTON and Patricia Hampton, Individually and on behalf of their minor son, Jay Hampton
v.
William S. THOMAS and State Farm Insurance Company.
No. 83-CA-301.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1983.
T. Peter Breslin, Gauthier, Murphy, Sherman, McCabe & Chehardy, Kenner, for plaintiffs-appellants.
Edward P. Lobman, Lobman & Carnahan, Metairie, for defendants-appellees.
Before BOWES, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from a judgment denying the stacking of insurance coverage for medical payments to plaintiff, Patricia Hampton, under three separate policies of insurance. The insurance on the policies is provided by State Farm Mutual Automobile Insurance Company, defendant herein.
The facts show that appellant-plaintiff, Patricia Hampton, sustained injuries necessitating medical treatment as a result of an automobile accident on February 8, 1980. At the time, she was driving her 1972 Cadillac insured by appellee-defendant, State Farm. The cost of this medical treatment incurred is as reflected in the stipulation presented to the court, Twelve Thousand Four Hundred Fifty-Three and 19/100 Dollars ($12,453.19).
Jerry Hampton, the husband of the injured Patricia Hampton, was the named insured on three separate policies with State Farm Mutual Automobile Insurance Company (State Farm). Each of those policies had medical payments coverage in the amount of Five Thousand Dollars ($5,000).
*885 State Farm has paid the sum of Five Thousand Dollars ($5,000) in medical payments pursuant to the policy insuring a 1972 Cadillac owned by Patricia Hampton and driven by her in the accident.
Plaintiff contends that in light of the two additional policies provided by State Farm to the Hamptons, she is entitled to stack the additional medical payments coverage of $5,000 per policy up to the total sum of Twelve Thousand Four Hundred Fifty-Three and 19/100 Dollars ($12,453.19), (subject, of course, to the $5,000 credit for previous payments).
This matter was tried by way of stipulation on May 21, 1982. On July 26, 1982, judgment was rendered in favor of the defendant and against the plaintiffs. This appeal has been taken from that judgment.
The issues presented to the court are whether stacking of medical payments under three separate policies of insurance is prohibited either by law or by the terms of the insurance contracts in question.
Our research indicates that the jurisprudence cited by the parties and the trial court requires careful scrutiny as there is diversity between Circuits, and no positive statement by either the legislature or the Louisiana Supreme Court. Since the issue is one not addressed by this court previously under these specific facts, a case-by-case analysis follows in order to better determine the issue presented.
Eleven cases have addressed the issue of stacking of medical payments coverages in Louisiana to date. The first opinion was rendered by our brothers in the Third Circuit in Guillory v. Grain Dealers Mutual Insurance Company, 203 So.2d 762 (La.App. 3d Cir.1967). The cases that followed are: Odom v. American Insurance Company, 213 So.2d 359 (La.App. 3d Cir.1968); Easley v. Fireman's Insurance Company of Newark, New Jersey, 372 So.2d 1067 (La.App. 3d Cir.1979); Cole v. State Farm Mut. Auto. Ins. Co., 427 So.2d 522 (La. 3d Cir.1983); Willie Jones v. Allstate Insurance Co., 429 So.2d 241 (La. 3d Cir.1983); Bost v. Hartford Accident and Indemnity, 242 So.2d 355 (La.App. 2d Cir.1970); Owens v. Aetna Casualty and Surety Company, 424 So.2d 359 (La.App. 2d Cir.1982); Bourgeois v. Government Employers Insurance Company, 316 So.2d 804 (La.App. 1st Cir.1975); Breaux v. Louisiana Farm Bureau Mut. Ins. Co., 413 So.2d 988 (La.App. 1st Cir.1982); Lane v. Fireman's Fund Insurance Company, 344 So.2d 702 (La.App. 4th Cir.1977); Chiasson v. Whitney, 427 So.2d 470 (La. 5th Cir.1983).
Of those eleven, ten declined to allow stacking of medical payments coverages; however, eight of the ten involved only one policy which covered more than one auto, as opposed to separate policies as is the case here and are therefore distinguishable. One case, Breaux, involved one policy covering an auto not occupied during the accident and medical coverage was unavailable through plaintiff's policy on the occupied vehicle. The Third Circuit Court case of Cole is the only one that falls squarely on point with our facts. Of the eleven cases, nine of the policies scrutinized had language identical to the policies herein. All of the cases decided the issue on policy language properly noting the courts must look to the specific provisions of the insurance contract to settle a dispute between the insured and the insurer, as the contract is the law between the parties. LSA-C.C. art. 1901. Thus, the two cases with different language, Bourgeois and Breaux, are inapplicable. Two other cases besides Cole and the others cited above, which did involve a claimant with separate contracts of insurance, were disposed of without addressing the stacking question. Branch v. O'Brien, 396 So.2d 1372 (La.App. 2d Cir. 1981); Crenwelge v. State Farm Mutual Automobile Insurance Co., 277 So.2d 155 (La.App. 3d Cir.1973). There the plaintiffs were denied relief on the basis of their interpretation of the medical payments provision which delineates the specific circumstances under which the parties can recover.
The only case decided in plaintiff's favor on stacking is Easley and it, too, only had one policy at issue. It should be noted, in addition, that Easley was rendered twelve years after Guillory by the same Circuit. The Easley case reversed the Third Circuit *886 Court's prior jurisprudence on the issue. In the Jones case, however, the Third Circuit again reversed its position and in Cole extended its holding to include factual situations involving separate policies as here.
In Cole, the court interpreted the following provisions identical to ones herein as precluding stacking:

Other Insurance. If there is other automobile medical payments insurance against a loss covered by Part 11 of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance;
The court further referred in Footnote 5 to another identical provision which states:

Limit of Liability. The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.
In our opinion, these statements refer solely to the coverages in the particular contract.
Prior to Cole and Jones, the Easley court, in overruling its prior rulings and allowing stacking of medical payments, adopted Judge Tate's reasoning written in his concurring opinion in the 1974 Odom case, and relied on the trend in other states to allow stacking under one policy. In Odom, Judge Tate wrote a reluctant concurring opinion in which he disagreed with the analysis and outcome, but did so anticipating that the Louisiana Supreme Court would speak on the issue. To date, although writs have been denied, the Louisiana Supreme Court has yet to make a statement. Judge Tate remarked:
It is true that the result we reached in Guillory on first impression is appealing and seems commonsensical. However, to me it becomes apparent, upon consideration of the policy as a whole and of the purpose and coverage of the medical payments clause, that we fell into error in not according the policy provision the interpretation reached by all other courts (save the intermediate California one) which have considered the question. The writer finds no sound distinction in either Guillory or the present case by which may be avoided the application of the interpretation of the decisions, to the effect that the insured is entitled to the combined total of the multiple medical payments coverages for which he has paid, rather than for one coverage only.
The medical payments provisions of the insurance contract is a separate and distinct contractual arrangement between the parties which serves the purpose of providing additional protection to the insured without the issue of fault becoming involved.
Considering this separate coverage afforded by the medical payments clause, as well as the policy's statement that "the terms of the policy shall apply separately to each" vehicle enumerated thereunder, it seems to me to follow that the insured has in effect six medical payments policies incorporated into one, each providing the same coverage and same terms. Had the plaintiff been issued six separate medical payments policies, each bearing a face amount of $2,000, there would be no doubt but that he had in effect a total of $12,000 worth of medical payments coverage. There is nothing in the policy sued upon which specifically states that by consolidating the six medical payments coverages into the present policy, the insured does thereby forfeit $10,000 worth of medical payments coverage for which premiums were paid....
The above reasoning is in line with the jurisprudence of other states which have considered the same question.... (Emphasis added)
The Easley court also declared that there would be no doubt stacking would be allowed where more than one policy of insurance, similarly worded, was involved.
In conclusion, the majority of the jurisprudence available for guidance on this issue *887 is either distinguishable or inapplicable. Disposition of this case depends solely on this court's interpretation of the language in each policy. In our opinion, the policies herein do not provide any restriction or limitation as respects stacking of separate policies. Thus, this court finds in favor of stacking absent any policy restriction on coverage which may preclude coverage under these circumstances.
On the second issue, the relevant coverage and definitions of terms in these policies is as follows:
PART 11EXPENSES FOR MEDICAL SERVICES

Coverage CMedical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury" caused by accident.
(a) while occupying the owned automobile.
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type.... Definitions. The definitions under Part 1 apply to Part 11 and under Part 11:
"occupying" means in or upon or entering into or alighting from.
"owned automobile" means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded....
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, ....
(d) a temporary substitute automobile:
"temporary substitute automobile" means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss of destruction;
"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.
Appellee asserts that under Division 1 plaintiff was occupying neither (a) an owned, or (b) non-owned automobile by definition and thus there is no coverage. Appellant urges coverage can be found under (c) "through being struck by an automobile...."; however, appellee argues that this statement refers only to injuries occurring to a covered insured when physically outside of a vehicle, i.e., pedestrian. The facts show that the plaintiff-appellant was struck by another vehicle while driving a Cadillac insured under one of the policies before this court.
The jurisprudence is sparse on interpretation of similar clauses. However, in Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1st Cir.1971), the court allowed the driver of a vehicle neither "owned" nor "non-owned" to recover medical payments under the "struck by" provision. After a careful review of this and other jurisdictions, the court concluded:
"We find that sub-paragraph (c) was intended to provide additional and separate coverage which encompasses the factual situation herein involved. Subparagraph (c) does not restrict its application to instances in which the insured is not the occupant of an automobile. Had appellant intended to limit its liability for injuries resulting from the insured being struck by an automobile to situations where the insured was outside of an automobile, it had the opportunity to do so in *888 clear and unmistakable language." At p. 490.
In Landry v. State Farm Mutual Automobile Insurance Company, 298 So.2d 291 (La. App. 1st Cir.1974), the result in Blanchard was quoted with approval. There the court stated:
"We can find no provision excluding coverage while the insured is driving an owned vehicle not described in the policy when he has been injured through being struck by an automobile or by a trailer of any type." At P. 293.
The other cases which address this provision are Crenwelge v. State Farm Mutual Automobile Insurance Co., supra, Branch v. O'Brian, supra, and Cole v. State Farm Insurance Company, supra. In Branch, the issue there only involved the (a) owned, and (b) non-owned portions. No mention is made of a "struck by" clause. However, in Crenwelge, under facts and a policy similar to the one here, the Third Circuit Court denied coverage under Provision (c) stating that, in its interpretation, (c) only applies to a pedestrian. In Cole, however, the Third Circuit stated it tended to agree with Blanchard. We agree. In our opinion, the interpretation in Blanchard and Landry provides the sounder rule. In addition, the provision is unclear and ambiguous. Furthermore, notice of a problem with the meaning of the clause has been apparent for some time. Were appellees serious in their assertion that the intent was to exclude injuries under these circumstances, it was and is incumbent upon them to clarify the point by simply re-wording the clause. Thus, under LSA-C.C. 1958 as well, which mandates interpreting ambiguous clauses under these circumstances against the insurer, we find coverage.
In conclusion, after a review of the law and the record, we find that appellant is entitled to stack the medical payments coverages under the three separate policies through Sub-part (c), the "struck by" clause.
For the foregoing reasons, the trial court judgment is hereby reversed. Judgment is hereby rendered in favor of plaintiffs, Jerry and Patricia Hampton, and against defendant, State Farm Mutual Automobile Insurance Company, allowing stacking of medical payments under three separate policies of insurance and ordering defendant-appellant State Farm to pay up to the amount of Twelve Thousand Four Hundred Fifty-Three and 19/100 Dollars ($12,453.19), subject to a credit of $5,000, with interest from date of judgment as per LSA-C.C. art. 1938. All costs of this appeal and of the trial court are to be paid by defendant-appellant, State Farm.
REVERSED AND RENDERED.