566 So.2d 676 (1990)
Mitchell P. MILETELLO, Sr., Mitchell Ned Miletello and Leonard Miletello, Plaintiffs/Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellee.
No. 21631-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Bruscato, Loomis & Street by Albert E. Loomis, III, Monroe, for plaintiffs/appellants.
J. Bachman Lee, Monroe, for defendant/appellee.
Before HALL, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiffs appeal from a trial court judgment granting the defendant insurance company's motion for summary judgment, holding that the medical payment coverage of three policies could not be stacked. We affirm.

*677 FACTS
On August 16, 1985, Mitchell P. Miletello, Sr., and his sons, Mitchell Ned Miletello and Leonard Miletello, were involved in an automobile accident. Mr. Miletello, Sr., was driving his 1972 Ford automobile when the accident occurred. His sons were passengers in the automobile. At the time of the accident, Mr. Miletello had in full force three separate motor vehicle liability policies issued by State Farm. The policies covered three different vehicles and provided coverage for Mr. Miletello, Sr., and members of his household. One of the policies covered the 1972 Ford auto involved in the accident.
All three policies provided medical payment coverage. Two of these policies provided for medical payment coverage of $2,000 per person while one provided coverage of $5,000 per person.
Following the accident, State Farm paid the medical payment limits set forth in the policy which provided coverage on the 1972 Ford automobile which was occupied by the plaintiffs at the time of the accident. This policy had limits of $2,000 per person.
The relevant provisions of the policies provide as follows, in "SECTION II MEDICAL PAYMENTSCOVERAGE C":
Persons for Whom Medical Expense are Payable.
We will pay medical expenses for bodily injury sustained by:
1. a. the first person named in the declarations;
b. his or her spouse; and
c. their relatives.
These persons have to sustain the bodily injury:
a. while they operate or occupy a vehicle covered under the liability section; or
b. through being struck as a pedestrian by a motor vehicle or trailer.
A pedestrian means a person not an occupant of a motor vehicle or trailer.
The Miletellos brought suit on July 27, 1988, alleging that State Farm should have "stacked" the medical payment coverages in all three policies and thereby paid all of their medical expenses. Mr. Miletello alleged that he incurred medical bills of $3,622.49. The insurance company paid $2,000 of this amount. Consequently, Mr. Miletello sought recovery of $1,622.49. His son, Mitchell Ned, incurred medical bills of $6,895.10. The insurer paid $2,000, leaving a balance of $4,895.10. Leonard incurred medical bills of $3,330.87, of which the insurer paid $2,000. Thus a balance of $1,330.87 remained. The plaintiffs sought recovery of the balance owed on these medical bills, as well as statutory penalties, attorney fees and court costs.
State Farm filed an answer on December 8, 1988. It asserted that only one of these policies covered the car involved in the accident. Subsequently, on July 28, 1989, State Farm filed a motion for summary judgment. It contended that the car involved was a 1972 Ford four-door vehicle driven by Mr. Miletello, Sr. This vehicle was covered by an insurance policy which had medical payment benefits of up to $2,000 per person. State Farm argued that, since it had already paid $2,000 per person, it had fulfilled its obligation to the plaintiffs. Furthermore, it argued that no stacking of the medical payment benefits of the separate policies was authorized under the provisions of the policies.
On August 15, 1989, the plaintiffs filed an opposition to the motion for summary judgment. Attached to this opposition was an affidavit by Mr. Miletello, Sr., in which he stated that he understood the policies could be stacked. He further stated that his sons were residents of his household on the date of the accident, and thus fell within the coverage of the policies.
A hearing on the motion for summary judgment was held on August 23, 1989. The following day judgment was rendered in favor of the insurance company. The trial court stated that it observed a split between circuits and within circuits on the issue of stacking. It further stated that it found no Second Circuit cases allowing stacking of medical payment benefits and that its reading of other Second Circuit insurance cases convinced it that stacking would not be allowed by this Court. Judgment *678 in conformity with this opinion was signed on September 8, 1989.
The plaintiffs appealed. They assign as error the trial court's holding that the medical payment coverages of the three policies could not be stacked.

STACKING OF MEDICAL PAYMENT BENEFITS
The plaintiffs argue that the trial court erred in granting State Farm's motion for summary judgment. They contend that they are entitled to stack the medical payment benefits in the three policies because they paid three premiums for three separate coverages. They also argue that the policies contain ambiguities which must be construed in their favor and against the insurance company. Additionally, they contend that the stacking of benefits should be allowed as a matter of law in the absence of restrictions in the policies which would preclude stacking.
In Louisiana jurisprudence, stacking of medical payment benefits has been allowed on only two occasions. See Easley v. Firemen's Insurance Company of Newark, New Jersey, 372 So.2d 1067 (La.App. 3rd Cir.1979), and Hampton v. Thomas, 433 So.2d 884 (La.App. 5th Cir.1983).
In Easley, supra, the plaintiff/insured had one policy which provided coverage for two vehicles. The policy provided medical payment coverage on each vehicle for which separate premiums were paid. Plaintiff/insured was a pedestrian who was injured following an explosion caused by the collision of a train with a tractor-trailer truck. He claimed coverage under the policy provision granting medical payment benefits to a person injured "through being struck by an automobile or by a trailer of any type." The policies contained language which declared that the insurer's limit of liability was restricted to the amount set forth in the declarations portion of the policy as applicable to "each person." However, it also contained a provision requiring severability when two or more automobiles were insured under the policy. The court found that this specific provision supported the plaintiff's argument that he actually had two medical payment policies. The court held that the insured "should be entitled to combine his two medical payments provisions either simply because he has bought and paid for two coverages or due to the irreconcilable nature the two aforementioned clauses [sic]." The court also declared: "If the plaintiff had purchased two separate medical payment policies, there would be no doubt that he could combine the benefits...."[1]
In Hampton, supra, the insured had three separate policies providing medical payment coverages. At the time of the accident, she was occupying a vehicle covered by one of the policies. The insurance company paid the medical payments owed under the policy covering the automobile involved in the accident. The court interpreted the policy language as not restricting or limiting stacking of the separate policies. The court stated that, in the absence of any such language in the policy restricting coverage, it found in favor of stacking.
We decline to follow the rationale of the Easley and Hampton cases. This court has never permitted the stacking of such medical payment benefits. See Owens v. Aetna Casualty and Surety Company, 424 So.2d 359 (La.App. 2d Cir.1982) [one policy covering two automobiles]. We have also rejected the argument that mere payment *679 of additional premiums for separate medical payment coverages entitled the insured to stack that coverage. Bost v. Hartford Accident and Indemnity Company, 242 So.2d 355 (La.App. 2d Cir.1970) [one policy covering two automobiles].
In Branch v. O'Brien, 396 So.2d 1372 (La.App. 2d Cir.1981), writ denied 400 So.2d 905 (La.1981), the insured had four separate policies covering four different cars. There, as in the present case, the insured sought to stack the medical payment benefits provided by each of the policies. The court upheld a trial court ruling that the only policy which provided medical payments to the insured was the policy covering the car involved in the accident. In so concluding, the court found that the insured was not occupying an owned automobile or a non-owned automobile within the definitions contained in the other three insurance policies.
This court stated:
Each policy provides for payment of all reasonable medical expenses to an insured who sustains bodily injury caused by an accident while occupying "the owned automobile" or while occupying a nonowned automobile. "Owned automobile" is defined as "a private passenger... automobile described in this policy for which a specific premium charge indicates that coverage is afforded." Therefore, medical payment coverage is provided only in the policy covering and describing the automobile the insured was occupying at the time of the accident. She was not occupying an owned automobile or a nonowned automobile within the definitions contained in the other three policies, which described and covered vehicles owned by the insured other than the one she was occupying at the time of the accident.
There is no statutory or policy requirement relating to medical payment coverage which overrides or negates the express provisions of the policies, which should be given effect as written. The other three policies do not provide medical payment coverage. See Phillips v. Hartford Accident & Indemnity Co., 325 So.2d 638 (La.App. 1st Cir.1976).
We agree with this reasoning and apply it to the present case. The policies at issue provide coverage to the plaintiffs "while they operate or occupy a vehicle covered under the liability section." Vehicles covered under the liability section are: "your car" (the car described on the declarations page); "newly acquired car"; "temporary substitute car"; and "non-owned car" (a car not owned by the insured). The plaintiffs were not occupying or operating a car which would qualify in any of these categories under the other policies. Thus, the only policy under which the plaintiffs may claim medical payment benefits is the one covering the vehicle they were occupying at the time of the accident.
We find no ambiguities in the policy. Further, there is no overriding public policy demanding that the insured be entitled to stack these medical payment benefits.

CONCLUSION
Therefore, based on the foregoing, we affirm the judgment of the trial court, granting a motion for summary judgment in favor of State Farm Mutual Automobile Insurance Company. Costs are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] In a subsequent case, the Third Circuit quoted these portions of Easley, supra, and then went on to say: "We express no opinion regarding the correctness of the reasoning of Easley in the above quoted passage. If the medical payments provisions of insurance contracts allow, or at least do not prohibit, the stacking of medical payments coverages, then an insured should be allowed to do this. However, if, by clear and unambiguous language contained therein, the insurance contracts limit such coverages to the point where stacking is precluded, then these provisions should be given effect." Cole v. State Farm Mutual Automobile Insurance Company, 427 So.2d 522 (La.App. 3rd Cir.1983), writ denied 433 So.2d 710 (La.1983). In Cole, the insured had four separate policies on four different cars, and three of the policies (including the one covering the vehicle involved in the accident) provided for medical payment coverage. The court refused to allow stacking of these coverages.